IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CALYX ENERGY, LLC;<br><br>(2) AMERICAN ENERGY -<br>    WOODFORD, LLC,<br><br>             Plaintiffs,<br><br>vs.<br><br>(1) TRIDENT STEEL CORPORATION,<br><br>             Defendant. | Case No. 5:14-cv-00551-L |

**PLAINTIFFS' OBJECTIONS TO AND MOTION TO
QUASH TRIDENT STEEL CORPORATION'S
DOCUMENT SUBPOENAS AND BRIEF IN SUPPORT**

Plaintiffs, Calyx Energy, LLC ("Calyx") and American Energy-Woodford, LLC ("AEW") (collectively "Plaintiffs"), pursuant to Rules 5, 26 and 45 of the Fed. R. Civ. P., object to and move to quash the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued by Trident Steel Corporation ("Trident") ("Trident Subpoenas"), attached hereto as Exhibits 1 through 5.[1] Trident violated multiple Federal Rules of Civil Procedure when it issued the Trident Subpoenas. Trident wholly failed to: (1) properly serve copies of the Trident Subpoenas on Plaintiffs by means prescribed under Rule 5(b); and (2) serve copies of the Trident Subpoenas on Plaintiffs "before it is served on the person to whom it is directed". Rule 45(a)(4). The Trident Subpoenas are further and independently invalid as they violate

---

[1] Exhibit 1 – Trident Subpoena to EPI-MTG; Exhibit 2 – Trident Subpoena to Anderson & Associates; Exhibit 3 – Trident Subpoena to MW Tubascope; Exhibit 4 – Trident Subpoena to IOS – Inspection Oilfield Services; and Exhibit 5 – Trident Subpoena to Washita Valley Enterprises.

other provisions of Rule 45 and violate Rule 26. Accordingly, Plaintiffs respectfully request that the Trident Subpoenas be quashed.

Out of an abundance of caution, Plaintiffs submit Plaintiffs' remaining objections to the Trident Subpoenas as additional and independent grounds to quash the Trident Subpoenas[2]. The Trident Subpoenas violates several Federal Rules of Civil Procedure, as follows:

1. The Trident Subpoenas **each** command production of documents, information or objects beyond the 100 mile limitation in Rule 45 (c)(2)(A) and thereby placing undue burden and expense on the subpoenaed parties in violation of Rule 45(d)(1).

2. The Trident Subpoena to Plaintiffs' Expert, EPI-Materials Testing Group ("Plaintiffs' Expert" or "EPI") impermissibly shortens Plaintiffs' time for disclosure of expert reports in contravention of Rule 26(a)(2)(D).

3. The Trident Subpoena to EPI commands production of the following protected materials from Plaintiffs' Expert ("Trial Preparation: Expert"):

   a. protected draft reports and disclosures in violation of Rule 26(b)(4)(B); and

   b. protected communications between Plaintiffs' attorneys and Plaintiffs' Expert in violation of Rule 26(b)(4)(C).

Each separate ground independently supports quashing the Trident Subpoenas.

---

[2] Plaintiffs do not believe that the multiple substantive and procedural defects in the Trident Subpoenas can be effectively addressed through modification. Nor do Plaintiffs believe the Court or Plaintiffs should be taxed with trying to modify or excise the many defects to bring the Trident Subpoenas into compliance. However, Plaintiffs respectfully leave the decision as to modification, if possible, to the Court.

The collective result under applicable law and the facts is that the Trident Subpoenas should properly be quashed by the Court ("Motion to Quash"). In support hereof, Plaintiffs provide the Court the following supporting brief.

## I.

### TRIDENT DID NOT SERVE PLAINTIFFS WITH A COPY OF THE TRIDENT SUBPOENAS

On December 29, 2014, Trident filed a Notice of Issuing Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Non-Parties [Dkt. # 96] ("Trident's Notice"). Trident's Notice indicates that copies of the Trident Subpoenas were provided to all counsel of record. *Id*. Trident's counsel's separate letter reveals that the **only method** of service of copies of the Trident Subpoenas on counsel of record was by **facsimile – to which the parties have never agreed**.

Service requires hand-delivery to counsel of record or leaving a copy at counsel's office or mailing to counsel's address. Rule 5(b)(1) and (2)(A) through (D). Service on a party by facsimile is **only** permitted if that party has "consented in writing". Rule 5(b)(2)(E). When issuing a subpoena, "**before** it is served on the person to whom it is directed, a notice and **a copy of the subpoena must be served on each party**." Rule 45 (a)(4). The Trident Subpoenas clearly violate both Rules and requirements.

Copies of the Trident Subpoenas were not attached to Trident's Notice, nor were any copies provided to counsel for Plaintiffs' by hand-delivery or mailing. On January 16, 2015, counsel for Plaintiffs contacted counsel for Trident advising that Plaintiffs' counsel had not been served with copies of the Trident Subpoenas. Exhibit 6, email from

Heidi Nichols, counsel for Plaintiffs, to Lu Ann Stout and Matthew Vianello, counsel for Trident.  On January 19, 2015, the day designated in the Trident Subpoenas for production, Ms. Stout advised counsel for Plaintiffs that copies of the Trident Subpoenas were only faxed to counsel for Plaintiffs.  Exhibit 8, email from Ms. Stout to Ms. Nichols.

It is clear Trident violated Rule 45(a)(4).  There was no service of copies of the Trident Subpoenas provided or attempted in any manner to Plaintiffs **before** service on the persons to whom the Trident Subpoenas are directed.

At approximately 10:00 p.m. on January 16, 2015, counsel for Plaintiffs discovered a **facsimile** from Trident's counsel with **the only copies** of the Trident Subpoenas.  Exhibit 7, December 29, 2014 letters from Lu Ann Stout to Subpoenaed parties.  While the Trident Subpoenas were faxed on December 29, 2014, they were never served on Plaintiffs, and they were never previously delivered to Plaintiffs' counsel.  This is, arguably, the very reason the Federal Rules do not sanction such method of service without more.

Transmission of the Trident Subpoenas solely by facsimile is not good service on Plaintiffs because **Plaintiffs never agreed to receiving service by facsimile**.  Under Rule 5(b), it is required that a party's prior written consent to service by facsimile before such a method of service is proper.

Trident failed to properly serve copies of the Trident Subpoenas to Plaintiffs' counsel by hand-delivery or mail, as required by Rule 5(b).  Trident failed to properly serve a copy of the Trident Subpoenas to Plaintiffs' counsel **before** serving the Trident

4

Subpoenas on the third-parties. Rule 45(a)(4). Trident's violation of more than one of the Federal Rules of Civil Procedure supports quashing the Trident Subpoenas. Accordingly, Plaintiffs respectfully request that the Trident Subpoenas be quashed.[3]

## II.

### THE TRIDENT SUBPOENAS VIOLATE MULTIPLE FEDERAL RULES, ARE INVALID AND THE TRIDENT SUBPOENA TO EPI SEEKS PROTECTED AND PRIVILEGED DOCUMENTS

The Trident Subpoenas improperly command all the third-parties to produce materials well over 100 miles permitted by the Federal Rules of Civil Procedure. Rule 45(c)(2)(A). The Trident Subpoena to Plaintiffs' Expert, EPI also improperly commands production of protected trial preparation materials from Plaintiffs' Expert ("Trial Preparation: Expert"). Rule 26(b)(4). The Trident Subpoenas blatantly violate and attempt to circumvent the protections provided by the Federal Rules of Civil Procedure.

The Rules place an affirmative duty on Trident's attorney issuing the Trident Subpoenas to follow the Rules and avoid unduly burdening the subpoenaed party.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Rule 45(d)(1).

---

[3] Plaintiffs do not seek modification of the Trident Subpoenas by extension of the response deadline identified in the Trident Subpoenas, due to the other defects in the Trident Subpoenas set forth in section II, *infra*.

The Trident Subpoenas are facially and substantively defective in numerous respects. Such defects have place undue and impermissible burdens on the subpoenaed parties. The Trident Subpoenas should all be quashed.

### A. The Trident Subpoenas Violate the 100 Mile Limitation.

Each and every one of the Trident Subpoenas unduly burdens the third-parties by demanding production of materials well over the Federal Rule's geographic limitation. The Trident Subpoenas improperly command the subpoenaed parties to produce documents, information and objects beyond the 100 mile limitation as set forth below:

| Subpoenaed Third-Party | Third-Party Location | Production Location | Distance Between Locations |
|---|---|---|---|
| EPI | 1146 Rayford Road, Spring, Texas | 10440 N. Central Expry., Ste. 520 Dallas, Texas | 221 miles[4] |
| Anderson & Associates | 919 F.M. Road 1959 Houston, Texas | 10440 N. Central Expry., Ste. 520 Dallas, Texas | 263 miles[5] |
| MW Tubascope | P.O. Box 808 Houston, Texas | 10440 N. Central Expry., Ste. 520 Dallas, Texas | 246 miles[6] |
| IOS – Inspection Oilfield Services | 2809 Highway 89 **Youngsville, Louisiana** | 10440 N. Central Expry., Ste. 520 **Dallas, Texas** | 404 miles[7] |
| Washita Valley Enterprises | 5605 S. Eastern **Oklahoma City, Oklahoma** | 10440 N. Central Expry., Ste. 520 **Dallas, Texas** | 199 miles[8] |

*See* Exhibits 1 – 5.

---

[4] Exhibit 9, Google Directions for EPI.
[5] Exhibit 10, Google Directions for Anderson & Associates.
[6] Exhibit 11, Google Directions for MW Tubascope.
[7] Exhibit 12, Google Directions for IOS – Inspection Oilfield Services.
[8] Exhibit 13, Google Directions for Washita Valley Enterprises.

6

Trident clearly did not even attempt to comply with the 100 mile limitation. All of the Trident Subpoenas exceed the 100 mile limitation by approximately two times. One of the Trident Subpoenas commands production over 400 miles away. *See* Exhibits 4 and and 12.

Each of the Trident Subpoenas improperly commands production of materials by the subpoenaed third-parties well outside the 100 miles prescribed by Rule 45. This places undue burden on each of the subpoenaed third-parties, including Plaintiffs' Expert, EPI. Plaintiffs' Motion to Quash should be granted as to all of the Trident Subpoenas.

**B.    The Trident Subpoena to Plaintiffs' Expert Improperly Seeks Production of Undiscoverable, Protected Materials.**

The Trident Subpoena to EPI falls far outside the scope of discoverable information by seeking protected Trial Preparation: Experts. Rules 26 and 45. The protection afforded under the Rules applies whether such protected information is sought from a party or a party's expert. *Id*.

Rules 26(b)(4) and 45 limit discovery of Trial Preparation: Experts. Such discovery is limited to:

1. The expert's identity (Rule 45(a)(2)A); and

2. Providing the expert's Report containing those matters specifically delineated in Rule 26(a)(2)(B), **90 days before date set for trial or for the case to be ready for trial** or otherwise ordered by the Court (Rule 45(a)(2)(D)).

The protection for Trial Preparation: Experts specifically includes a prohibition of the discovery of the testifying expert's draft reports or disclosures. Rule 26(b)(4)(B). The protection also extends to communications between a party's expert and the party's

7

attorney except to the extent they: "(1) relate to compensation for the expert's study or testimony; (2) identify facts or data that the party's attorney provided **and** that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the party's attorney provided **and** that the expert relied upon in forming the opinions to be expressed."  Rule 26(b)(4)(B) (emphasis added).  The Trident Subpoena to EPI extends far beyond such narrow limitations.

All other communications between a party's expert and the retaining party's attorney are protected.[9]  This heightened prohibition was added to specifically include work-product protection for an attorney's communications with the expert to ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery, regardless of the form of the communications.  Advisory Committee Notes to Fed. R. Civ. P. 26(b)(4)(B) "Trial Preparation: Experts".

The Trident Subpoena to EPI improperly requests protected information from Plaintiffs' Expert.  The Trident Subpoena to EPI improperly requests:

> **Any and all** Materials, Billings for Services, Testing Costs . . . **Inspection Reports**, **Damages Calculations**, Documents, **Correspondence**, **E-Mails**, **Texts**, Photographs, **Reports**, Tests, Raw Test Data, **Mental Impressions**, **Narrative Summaries**, Testing Protocols, Macro Photography Images, Stereo Microscopic Images, SEM Maps and Images, Metallographic Images, Test Results and Images, Testing Attendance Records, Documentation Relating to Chain of Custody of Materials Tested, Images from Downhole Cameras, Imagines [sic] of Video Files, Frac Data, Daily Reports, Casing Tallies, **any Indexes** relating to this matter, and any tangible material of any type relating to testing and analysis of casing joints and couplings on behalf of Calyx Energy and AEW relating to the Ethridge 36-2WX Well and the Clay 21-2WX Well  . . . and testing **and analysis of**

---

[9]The very narrow exceptional circumstances identified in Rule 26(b)(4)(C) do not exist or apply here.

casing joint and couplings on behalf of Calyx Energy and AEW which in any way relates to products purchased by Calyx Energy from Trident Steel Corporation.

Exhibits 1 through 5 (emphasis added). Trident's request: (1) is not limited to discoverable communications; (2) seeks specifically protected draft reports and disclosures; and (3) is a back-door attempt to avoid the timing established by the Federal Rules and/or the Court for the production of an expert Report. Rules 26 and 45.

The substantive and procedural defects in the Trident Subpoena to EPI are fatal and require that it be quashed. Despite the multiple, longstanding protections described above, Trident is improperly seeking to obtain the very information that is and has been protected from discovery. Plaintiffs' Motion to Quash should be granted as to the Trident Subpoena to EPI.

## **CONCLUSION**

There are multiple substantive and procedural violations of the Federal Rules that require each one of the Trident Subpoenas to be quashed. Plaintiffs have established numerous grounds, including: (1) Trident's failure to properly serve Plaintiffs with copies of the Trident Subpoenas before they were served on the subpoenaed third-parties; (2) the Trident Subpoenas require production from the third-parties beyond the 100 mile limitation; and (3) Trident seeks production of protected Trial Preparation materials from Plaintiffs' Expert.

As a result of Trident's failures to comply with the Federal Rules, there is nothing valid about the Trident Subpoenas. The applicable law, facts and bases for quashing the Trident Subpoenas entitle Plaintiffs to recover their reasonable attorneys' fees and costs,

9

incurred in relation to Plaintiffs' Motion to Quash. Plaintiffs respectfully request the Court to consider whether Trident's total noncompliance merits awarding Plaintiffs their reasonable attorneys' fees and costs incurred in relation to Plaintiffs' Motion to Quash.

Plaintiffs have demonstrated entitlement to the relief they seek. Plaintiffs respectfully request each of the Trident Subpoenas be quashed.


Dated this 19th day of January, 2015.        Respectfully submitted,

/s/ Robin F. Fields
Robin F. Fields, OBA #10806
Kiran A. Phansalkar, OBA #11470
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:   rfields@cwlaw.com
            kphansalkar@cwlaw.com
            hnichols@cwlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of January 2015, I electronically filed a true and correct copy of the above and foregoing document and served the same upon all parties of record via the Court's ECF system.

                                         */s/* Robin F. Fields
                                         Robin F. Fields