## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CALYX ENERGY, LLC;
(2) AMERICAN ENERGY-WOODFORD,
LLC,

        Plaintiffs,

vs.

(3) TRIDENT STEEL CORPORATION,

        Defendant.

Case No. 5:14-cv-00551-L

### CALYX ENERGY, LLC'S RESPONSES TO
### TRIDENT STEEL CORPORATION'S FIRST REQUESTS FOR PRODUCTION

Plaintiff, Calyx Energy, LLC ("Calyx"), by and through its counsel and pursuant to Fed. R. Civ. P. 34, provides the following responses and objections to Defendant Trident Steel Corporation's First Set of Requests for Production ("Requests").

### GENERAL OBJECTIONS

1.      Calyx objects to the Requests to the extent that they call for the disclosure of information and documents that are protected from discovery and privileged for the reason that: (i) they are subject to the attorney-client privilege; (ii) they are covered by the "work product" immunity doctrine; (iii) they were generated in anticipation of litigation by or for Calyx or its representatives, including its attorneys, consultants, or agents; (iv) they relate to the identity or opinions of experts who have been retained or employed in anticipation of litigation and who are not expected to be called as witnesses; (v) they are subject to a protective or confidentiality agreement or order; and/or (vi) they

Exhibit
1

responses, if necessary, in accordance with the applicable rules. Calyx expressly reserves the right to amend, supplement and/or clarify its answers or responses to any and all of the Requests.

12. These general objections are incorporated in Calyx's specific objections and/or answers. Failure to restate them in any specific objection and/or answer is not intended as any waiver of these general objections.

## FIRST REQUESTS FOR PRODUCTION

1. All documents related to the alleged failure of the Casing, Tubing and/or Couplings.

RESPONSE TO REQUEST NO. 1:   Objection.   This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx and produced by third parties pursuant to subpoena or otherwise. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

2. All documents showing the pressure in the Wells when you allege the Casing, Tubing and/or Couplings failed.

RESPONSE TO REQUEST NO. 2:   Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant see documents produced by Calyx.

3. All documents showing the depth of the Wells when you allege the Casing, Tubing and/or Couplings failed.

RESPONSE TO REQUEST NO. 3:      Objection.    This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

4.      All field notes recorded while drilling the Wells.

RESPONSE TO REQUEST NO. 4:      Objection.    This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

5.      All field tickets for the Wells.

RESPONSE TO REQUEST NO. 5:      Objection.  This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

6.      All documents, including leases, showing your interest in the Wells.

RESPONSE TO REQUEST NO. 6:      Objection.  This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

7.    All receipts, invoices, bills of sale, purchase orders and any other documents relating to your purchase of Goods or services related to drilling the Wells.

RESPONSE TO REQUEST NO. 7:    Objection.  This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports

8.    All receipts, invoices, bills of sale, purchase orders and any other documents relating to your purchase of Goods or services related to your efforts, if any, to repair the Wells after the alleged failure of the Casing, Tubing and/or Couplings.

RESPONSE TO REQUEST NO. 8:    Objection.   This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports

9.    All documents related to accounting or expenses for the Wells.

RESPONSE TO REQUEST NO. 9:    Objection.   This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

6

34.    All documents you believe show, illustrate or represent that the Goods supplied by Trident to Plaintiff and directly related to this Lawsuit resulted in violations and/or non-conformity to the representations, warranties, obligations, requirements, and standards of the Contract, Calyx's orders and Oklahoma law referenced in your June 18, 2014 correspondence to Matt Vianello and/or Matt Beckmann.

RESPONSE TO REQUEST NO. 34:    Objection.    This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

35.    All documents related to Plaintiffs timely and reasonable rejection of all non-conforming Goods as referenced in your June 18, 2014 correspondence to Matt Vianello and/or Matt Beckmann.

RESPONSE TO REQUEST NO. 35:    Objection.    This Request is overly broad, unduly burdensome, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

36.    All documents utilized by you to determine in which wells the Trident-supplied Goods were implemented.

RESPONSE TO REQUEST NO. 36:    Objection.    This Request is overly broad, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

14

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

37.    All documents related to Plaintiffs timely and reasonable rejection of all non-conforming Goods as referenced in your June 18, 2014 correspondence to Matt Vianello and/or Matt Beckmann.

RESPONSE TO REQUEST NO. 37:    This Request is duplicative of Request No. 35. See Response to Request No. 35.

38.    All documents evidencing or illustrating the loss of income or damages stemming from the storage and/or preservation of the approximately 696 joints of materials allegedly sold and delivered by Trident under the Contract and as referenced in your June 18, 2014 correspondence to Matt Vianello and/or Matt Beckmann.

RESPONSE TO REQUEST NO. 38:    Objection.    This Request is overly broad, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

39.    All documents identifying each of the Wells in which you allege that the Goods were implemented.

RESPONSE TO REQUEST NO. 39:    This Request is duplicative of Request No. 36. See Response to Request No. 36.

40.    All documents evidencing each of the Wells in which you allege that the Goods were not implemented due to the defective nature of the Goods.

RESPONSE TO REQUEST NO. 40:    Objection.    This Request is overly broad, vague, ambiguous and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

41.    All documents evidencing damages incurred by you as a result of the implementation of the Goods into Wells.

15

information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

53.    The Well Profile Schematic or similar document, including if applicable, any documents referencing or illustrating downhole tool placement and cemented intervals for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 53:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

54.    The Drilling Well Plan for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 54:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

55.    The Drilling Operations Notes (or Daily Reports) for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 55:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

19

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

56.   The Geological Charts for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 56:   Objection.   This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information.   Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

57.   The Drilling Well Plan for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 57:   This Request is duplicative of Request No. 54. See Response to Request No. 54.

58.   The Excel and/or ASCII Mud Log Data for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 58:   Objection.   This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information.   Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and. therefore. is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

59.   The Mud Log Commentary for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 59:   Objection.   This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information.   Further. this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged. responsive and relevant documents see documents produced by Calyx.

20

RESPONSE TO REQUEST NO. 76:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information.    Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

77.    The Actual Operational Notes regarding wellbore stimulation for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 77:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information.    Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

78.    Documents referencing or providing information of the second-by-second recording of Treating Pressure for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 78:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.    Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

79.    Documents referencing or providing information of the second-by-second recording of Bottomhole Pressure for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 79:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.    Further, this Request seeks information that

26

is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

80.    Documents referencing or providing information of the second-by-second recording of Backside Pressure for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 80:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

81.    Documents referencing or providing information of the second-by-second recording of Flow Rate for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 81:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

82.    Documents referencing or providing information of the second-by-second recording of Slurry Density for each of the Wells subject of this Lawsuit

RESPONSE TO REQUEST NO. 82:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

27

RESPONSE TO REQUEST NO. 96:    Objection.    This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

97.    All photographs and video recordings depicting the Casing, Tubing and/or Couplings subject of this Lawsuit.

RESPONSE TO REQUEST NO. 97:    Objection.    This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

98.    All photographs and video recordings depicting the implementation of the Casing, Tubing and/or Couplings into any of the Wells subject of this Lawsuit

RESPONSE TO REQUEST NO. 98:    Objection.    This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

99.    All documents evidencing or relating to any onsite or on-location movement or transport of the Casing, Tubing and/or Couplings after they were delivered to the Wells subject of this Lawsuit.

32

RESPONSE TO REQUEST NO. 99:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

100.    All Pason Data/Reports from each of the affected Wells.

RESPONSE TO REQUEST NO. 100:    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

101.    A copy of each and every lien filed by Trident against any of the subject Wells in which Calyx Energy, LLC and/or AEW has or has had a leasehold interest.

RESPONSE TO REQUEST NO. 101:    Objection.    This Request is overly broad, vague and ambiguous. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

102.    A copy of the PSA subject of AEW's Slander of Title Claim.

RESPONSE TO REQUEST NO. 102:    Objection.    This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

103.   Any correspondence between AEW and Calyx Energy, LLC regarding the purchase and/or sale of an interest in any of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 103:   Objection.   This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege, joint defense privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

104.   Any and all documents referencing or regarding an attempt to finance or sell any interest in the Holderread 34-4 MH Well; and/or the Eubank 11-2 WX Well; and/or any other Well subject of this Lawsuit and/or AEW's Slander of Title Claim.

RESPONSE TO REQUEST NO. 104:   Objection.   This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the attorney-client communication privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by Calyx.

105.   Any and all documents evidencing expenses and/or losses associated with the deposit(s) paid to release any lien(s); interest; attorneys' fees; and costs of AEW and/or Calyx Energy, LLC and as referenced in Paragraph No. 72 of Plaintiffs' Complaint.

RESPONSE TO REQUEST NO. 105:   Objection.   This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the attorney-client communication privilege, work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal

34

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CALYX ENERGY, LLC;
(2) AMERICAN ENERGY-WOODFORD,
LLC,

               Plaintiffs,

vs.

(3) TRIDENT STEEL CORPORATION,

               Defendant.

Case No. 5:14-cv-00551-L

## AMERICAN ENERGY-WOODFORD, LLC'S RESPONSES TO
## TRIDENT STEEL CORPORATION'S FIRST REQUESTS FOR PRODUCTION

Plaintiff, American Energy-Woodford, LLC ("AEW"), by and through its counsel and pursuant to Fed. R. Civ. P. 34, provides the following responses and objections to Defendant Trident Steel Corporation's First Set of Requests for Production ("Requests").

## GENERAL OBJECTIONS

1.     AEW objects to the Requests to the extent that they call for the disclosure of information and documents that are protected from discovery and privileged for the reason that: (i) they are subject to the attorney-client privilege; (ii) they are covered by the "work product" immunity doctrine; (iii) they were generated in anticipation of litigation by or for AEW or its representatives, including its attorneys, consultants, or agents; (iv) they relate to the identity or opinions of experts who have been retained or employed in anticipation of litigation and who are not expected to be called as witnesses; (v) they are subject to a protective or confidentiality agreement or order; and/or (vi) they

responses, if necessary, in accordance with the applicable rules. AEW expressly reserves the right to amend, supplement and/or clarify its answers or responses to any and all of the Requests.

12.    These general objections are incorporated in AEW's specific objections and/or answers. Failure to restate them in any specific objection and/or answer is not intended as any waiver of these general objections.

## FIRST REQUESTS FOR PRODUCTION

1.    All documents related to the alleged failure of the Casing, Tubing and/or Couplings.

RESPONSE TO REQUEST NO. 1:    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW and produced by third-parties pursuant to subpoena or otherwise. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

2.    All documents showing the pressure in the Wells when you allege the Casing, Tubing and/or Couplings failed.

RESPONSE TO REQUEST NO. 2:    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant see documents produced by AEW.

3.    All documents showing the depth of the Wells when you allege the Casing, Tubing and/or Couplings failed.

4

<u>RESPONSE TO REQUEST NO. 3:</u>    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

4.    All field notes recorded while drilling the Wells.

<u>RESPONSE TO REQUEST NO. 4:</u>    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

5.    All field tickets for the Wells.

<u>RESPONSE TO REQUEST NO. 5:</u>    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

6.    All documents, including leases, showing your interest in the Wells.

<u>RESPONSE TO REQUEST NO. 6:</u>    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

7.    All receipts, invoices, bills of sale, purchase orders and any other documents relating to your purchase of Goods or services related to drilling the Wells.

5

<u>RESPONSE TO REQUEST NO. 7:</u>    Objection.  This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

8.    All receipts, invoices, bills of sale, purchase orders and any other documents relating to your purchase of Goods or services related to your efforts, if any, to repair the Wells after the alleged failure of the Casing, Tubing and/or Couplings.

<u>RESPONSE TO REQUEST NO. 8:</u>    Objection.  This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

9.    All documents related to accounting or expenses for the Wells.

<u>RESPONSE TO REQUEST NO. 9:</u>    Objection.  This Request is overly broad, unduly burdensome, vague and ambiguous, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

10.    All documents showing expenses related to your efforts, if any, to repair the Wells after the Casing, Tubing and/or Couplings allegedly failed.

6

commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

35.    All documents related to Plaintiffs timely and reasonable rejection of all non-conforming Goods as referenced in your June 18, 2014 correspondence to Matt Vianello and/or Matt Beckmann.

RESPONSE TO REQUEST NO. 35:    Objection. This Request is overly broad, unduly burdensome, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

36.    All documents utilized by you to determine in which wells the Trident-supplied Goods were implemented.

RESPONSE TO REQUEST NO. 36:    Objection. This Request is overly broad, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

37.    All documents related to Plaintiffs timely and reasonable rejection of all non-conforming Goods as referenced in your June 18, 2014 correspondence to Matt Vianello and/or Matt Beckmann.

RESPONSE TO REQUEST NO. 37:    This Request is duplicative of Request No. 35. See Response to Request No. 35.

38.    All documents evidencing or illustrating the loss of income or damages stemming from the storage and/or preservation of the approximately 696 joints of materials allegedly sold and delivered by Trident under the Contract and as referenced in your June 18, 2014 correspondence to Matt Vianello and/or Matt Beckmann.

RESPONSE TO REQUEST NO. 38:    Objection. This Request is overly broad, seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

39.    All documents identifying each of the Wells in which you allege that the Goods were implemented.

RESPONSE TO REQUEST NO. 39:    This Request is duplicative of Request No. 36. See Response to Request No. 36.

40.    All documents evidencing each of the Wells in which you allege that the Goods were not implemented due to the defective nature of the Goods.

RESPONSE TO REQUEST NO. 40:    Objection. This Request is overly broad, vague, ambiguous and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

41.    All documents evidencing damages incurred by you as a result of the implementation of the Goods into Wells.

RESPONSE TO REQUEST NO. 41:    Objection. This Request is overly broad, unduly burdensome and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW and produced by third parties pursuant to subpoena or otherwise.

42.    All documents evidencing damages incurred by you as a result of the non-implementation of the Goods into Wells.

the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

54.    The Drilling Well Plan for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 54:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

55.    The Drilling Operations Notes (or Daily Reports) for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 55:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

56.    The Geological Charts for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 56:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

57.    The Drilling Well Plan for each of the Wells subject of this Lawsuit.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

75. All documents or information regarding the Mechanical Function of the Completion Tool Hardware used at each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 75:    Objection.  This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

76. The Wellbore Stimulation Plans for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 76:    Objection.  This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

77. The Actual Operational Notes regarding wellbore stimulation for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 77:    Objection.  This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

78. Documents referencing or providing information of the second-by-second recording of Treating Pressure for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 78:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

79.    Documents referencing or providing information of the second-by-second recording of Bottomhole Pressure for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 79:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

80.    Documents referencing or providing information of the second-by-second recording of Backside Pressure for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 80:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

81.    Documents referencing or providing information of the second-by-second recording of Flow Rate for each of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 81:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside

that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

99.    All documents evidencing or relating to any onsite or on-location movement or transport of the Casing, Tubing and/or Couplings after they were delivered to the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 99:    Objection. This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

100.    All Pason Data/Reports from each of the affected Wells.

RESPONSE TO REQUEST NO. 100:    Objection. This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW. Further, this Response will be supplemented in accordance with the Court's Scheduling Order deadline for expert reports.

101.    A copy of each and every lien filed by Trident against any of the subject Wells in which Calyx Energy, LLC and/or AEW has or has had a leasehold interest.

RESPONSE TO REQUEST NO. 101:    Objection. This Request is overly broad, vague and ambiguous. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

32

102.    A copy of the PSA subject of AEW's Slander of Title Claim.

RESPONSE TO REQUEST NO. 102:    Objection.  This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

103.    Any correspondence between AEW and Calyx Energy, LLC regarding the purchase and/or sale of an interest in any of the Wells subject of this Lawsuit.

RESPONSE TO REQUEST NO. 103:    Objection.  This Request is overly broad, unduly burdensome, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the work product privilege, trial preparation privilege, joint defense privilege and/or other privilege.  Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

104.    Any and all documents referencing or regarding an attempt to finance or sell any interest in the Holderread 34-4 MH Well; and/or the Eubank 11-2 WX Well; and/or any other Well subject of this Lawsuit and/or AEW's Slander of Title Claim.

RESPONSE TO REQUEST NO. 104:    Objection.  This Request is overly broad, vague and ambiguous, and seeks confidential proprietary and commercial information and information that is protected by the attorney-client communication privilege. Further, this Request seeks information that is outside the scope of the Federal Rules of Civil Procedure and, therefore, is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent AEW does not object and subject to ongoing discovery, for all non-privileged, responsive and relevant documents see documents produced by AEW.

105.    Any and all documents evidencing expenses and/or losses associated with the deposit(s) paid to release any lien(s); interest; attorneys' fees; and costs of AEW and/or Calyx Energy, LLC and as referenced in Paragraph No. 72 of Plaintiffs' Complaint.