## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) CALYX ENERGY, LLC; | | |
| (2) AMERICAN ENERGY - WOODFORD, LLC, | | |
| Plaintiffs, | | |
| vs. | | Case No. 5:14-cv-00551-L |
| (1) TRIDENT STEEL CORPORATION, | | |
| Defendant. | | |

### PLAINTIFFS' OBJECTIONS TO AND MOTION FOR PROTECTIVE ORDER AND TO QUASH TRIDENT STEEL CORPORATION'S DOCUMENT SUBPOENA AND BRIEF IN SUPPORT

Plaintiffs, Calyx Energy, LLC ("Calyx") and American Energy-Woodford, LLC ("AEW") (collectively "Plaintiffs"), pursuant to Rules 26 and 45 of the Fed. R. Civ. P., object to, and move for a protective order and to quash ("Motion") the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued on August 20, 2015 by Trident Steel Corporation ("Trident") to CUDD Energy Services ("Subpoena") [Dkt. # 162], attached hereto as Exhibit 1. Federal Rules of Civil Procedure 26 and 45: (1) require that the Subpoena be limited in scope to the issue in this action - Trident sold and delivered casing and related couplings involving only eight Calyx/AEW oil and gas wells; and (2) prohibit irrelevant intrusions into Plaintiffs' confidential proprietary, financial and commercial information.

CUDD Energy Services ("CUDD") provides oil and gas well completion and production services and the information it holds is confidential proprietary and financial. Trident's Subpoena is a blanket request for information, **unlimited in time or breadth**.

The Subpoena demands production of: "**Any and all documents** regarding Calyx Energy, LLC ("Calyx") and American Energy Woodford, LLC ("AEW") **or associated entity**". Exhibit 1, Subpoena - Exhibit 1 (emphasis added). Trident made absolutely no attempt to tailor the Subpoena to the issue in this action as required under Rules 26 and 45.

## OVERVIEW

Between August and November 2013, Trident sold and delivered to Calyx casing and related couplings pursuant to the parties' Master Service Contract for use in oil and gas wells in Oklahoma ("Casing"). **Some** of the Casing was run into wells in Oklahoma. Calyx/AEW experienced repeated failures in four of the wells into which some of the Casing had been run: (1) Clay; (2) Boyce; (3) Robison; and (4) Ethridge.[1] The remaining Casing was not used and was rejected due to the failures. The rejected Casing was sent to a third-party storage facility where it continues to be maintained at Plaintiff's expense due to Trident's continuing refusal to remove the Casing. *See* 4/29/15 Joint Status Report, ¶ 1, pp. 2-3; 11/20/14 Plaintiff Calyx Energy, LLC's Response to Defendant Trident Steel Corporation's Motion for Partial Summary Judgment [Dkt. # 73], pp. 4-15.

Plaintiffs filed this action against Trident for the defective Casing sold and delivered by Trident and used in the 4 wells identified above. Trident counterclaimed seeking payment on the 13 Invoices covering the Casing.[2] *Id.*

---

[1] AEW purchased the subject wells from Calyx on November 1, 2013 – prior to the failure in the Ethridge.

[2] Trident also sold tubing to Calyx. Calyx has only invoked its contractual right to offset the tubing Invoices by the damages incurred by Plaintiffs.

Plaintiffs have provided to Trident in discovery: (1) the identity **of all the oil and gas wells into which Casing was run**, including the 4 wells that experienced failures; (2) well data, including drilling and completion information, on **all the oil and gas wells into which Casing was run;**[3] (3) documents that reflect the Casing was not run into oil and gas wells McGuire, Clay 28-1, Eubanks and Holderread;[4] (4) Trident participated in Joint Testing on the unused, rejected Casing;[5] and (5) documents listing all the third-party vendors who performed work for **the oil and gas wells into which Casing was run**, including CUDD if applicable.[6]   This detailed information, which includes information from CUDD, is set forth in Plaintiffs' Responses to Trident's Interrogatories and in the **263,619 pages** produced by Plaintiffs to Trident.

Plaintiffs provided information and documents to Trident detailing the names of the wells into which Casing had been run, and where and in what capacity CUDD had provided services.   Trident has ignored that information and documents and issued a Subpoena to CUDD that seeks "**any and all documents**" even remotely related to Calyx and AEW or any "**associated entity**".   Exhibit 1, Subpoena – Exhibit 1.   The Subpoena goes on to list the categories of documents sought, which in no way limits the Subpoena to the claims or defenses in this action temporally or by well.   *Id*.   CUDD has provided

---

[3]   Exhibit 2, Calyx's Supplemental Response to Interrogatory No. 2 (8 wells identified in the Response and/or in the specific Bates numbered documents cited therein).

[4]   Exhibit 3, AEW's Supplemental Response to Interrogatory No. 9 (Identified correspondence between Calyx and Trident that clearly shows that Casing delivered to certain wells were not run in those wells).

[5]   4/29/15 Joint Status Report, ¶ 1, pp. 2-3.

[6]   Exhibit 2; and Exhibit 4, document cited in Calyx's Supplemental Response to Interrogatory No. 2, CONFIDENTIAL – Bates No. CALYX & AEW 141769 – to be filed under seal.

services on numerous wells for Plaintiffs, far beyond the wells and time frame at issue in this action.

Trident's Subpoena: (1) is not limited in time; (2) is not confined to the claims and defenses in this action; (3) is facially over broad; and (4) violates Rules 26 and 45 of the Fed. R. Civ. P.  Trident's Subpoena goes well beyond the limits on discovery set forth in Fed. R. Civ. P. 26.  The Subpoena is so facially overly broad that it cannot be reasonably modified.  Further, the required modifications to the Subpoena are the obligation of, and can be more readily made by, Trident, who has all the information necessary to make such modifications.

Plaintiffs respectfully request that the Court enter an Order: (1) quashing the Subpoena; (2) and awarding Plaintiffs' their reasonable fees and costs incurred in response to the Subpoena.  Fed. R. Civ. P. 26(c)(1) and (7); and Fed. R. Civ. P. 45(d)(3)(B)(i).  Plaintiffs further request that any documents ultimately produced by CUDD pursuant to a proper subpoena be required to be marked Confidential pursuant to the March 25, 2015 Agreed Protective Order [Dkt. # 123].  Fed. R. Civ. P. 26(c)(7).

Trident is able **but unwilling** to properly limit the scope of the Subpoena as required under Rules 26 and 45 to avoid undue burden. Trident's unwillingness to abide by the Federal Rules of Civil Procedure in this respect appears calculated to further embroil the parties in unnecessary motion practice and delay the expedient resolution of this action.

## CERTIFICATION OF CONFERENCE

Plaintiffs certify that on Wednesday, September 2, 2015, Plaintiffs' counsel did in good faith confer by telephone with counsel for Trident in an effort to resolve the dispute without Court action. However, such efforts were unsuccessful. Trident's counsel stated that Trident would not agree to any limitation on the Subpoena other than time. Trident's counsel refused to place any geographical, well or other substantive limitation on the Subpoena to properly limit it to the claims and defenses in this action.

## ARGUMENT AND AUTHORITIES

## I.

## THE NON-PARTY DOCUMENT SUBPOENA IS FACIALLY OVERLY BROAD AND SEEKS INFORMATION THAT IS NOT RELEVANT

Subpoenas issued pursuant to Rule 45 are constrained by the relevancy limitations imposed by Rule 26(b). In order to be discoverable "information sought must be relevant to a claim or defense of any party." *In re Biovail Corp. Securities Litigation*, 247 F.R.D. 72, 74 (S.D. N.Y. 2007) citing Fed. R. Civ. P. 26(b)(1). The foremost fundamental principle regarding subpoenaed discovery, then, "is that a subpoena duces tecum to obtain materials in advance of trial should be issued only when the party seeking the materials can show that the materials are evidentiary and relevant." *Straily v. UBS Fin. Servs., Inc.*, No. CIV-A-07-CV-00884-REB-KMT, 2008 WL 5378148, at *4 (D. Colo. Dec. 23, 2008) (citing *Price v. Cochran*, 66 Fed. Appx. 781, 786, 2003 WL 21054706, at *4 (10th Cir. May 12, 2003)). Trident's Subpoena is not properly limited and should be quashed. *E.E.O.C. v. Unit Drilling Co.*, No. 13-CV-147-TCK-PJC, 2014 WL 130551

(N.D. Okla. Jan. 13, 2014).

In *Unit Drilling Co.*, defendant issued subpoenas to non-party educational institutions and former employers of four women who plaintiff alleged were discriminated against by defendant.  Id. at *1.  Defendant's subpoenas sought "[a]ll academic information and records" and "[a]ll employment information and records" without any time or subject matter limitations.  *Id*.  Plaintiff moved to quash the subpoenas on the grounds that the subpoenas were overbroad and sought information irrelevant to any claim or defense.  *Id*.

The trial court in *Unit Drilling Co.*, found that defendant's subpoenas were "extraordinarily broad" and contained "boilerplate language."  Id at *3.  The subpoenas sought "any and all documents ... related in any way" to a wide range of topics.  *Id*.  They "are overbroad as to the time period for which information is sought as well as to the breadth of personal information sought."  Id. at *4.  The trial court quashed the subpoenas holding that it was "clear that [the defendant] made little effort to tailor its subpoenas to the case at hand." *Id*.  The Court noted that the defendant "may issue proper subpoenas appropriately tailored to legitimate issues in the lawsuit." *Id*.

In *Straily*, the plaintiff sued her former financial services provider, UBS, alleging breach of contract and violation of fiduciary duty. *Straily* at *1.  Prior to the litigation, UBS terminated plaintiff's account and she transferred her investments to Merrill Lynch. *Id*.  Pursuant to Rule 45, UBS issued a subpoena to Merrill Lynch, a non party, requesting all documents pertaining to plaintiff's accounts and communications with Merrill Lynch. *Id*.  The requested documents were all generated subsequent to the termination of

plaintiff's relationship with UBS. *Id*. at *4. In lieu of filing a motion to quash the non-party subpoena, plaintiff responded that the documents sought from Merrill Lynch by UBS were not discoverable pursuant to Rule 26 because they were irrelevant to the case. *Id*. at *1.  The Court agreed and granted plaintiff a protective order, holding that the discovery requests to Merrill Lynch were beyond the scope of proper discovery pursuant to Fed. R. Civ. P. 26(b)(1). *Id*. at *4.

In analyzing the plaintiff's request, the *Straily* Court determined that she had standing to seek a protective order because she was a party subject to the jurisdiction of the court and was, therefore, entitled to request the court "to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery."  *Straily*, at *2 (citing *Caldwell v. Life Ins. Co. of North America*, 165 F.R.D. 633, 637 (D. Kan. 1996)). Furthermore, the Court found that requested documents had "absolutely nothing to do with the claims asserted in this case" because they were all generated subsequent to the termination of the relationship between plaintiff and UBS. *Straily*, at *3.   In granting the plaintiff a protective order, the Court noted that:

> the choices plaintiff made subsequent to the date UBS terminated her as a client are simply irrelevant to the relationship between UBS and plaintiff and the claims in this case. Plaintiff could just as well have put her money in the guest room mattress; the color of the sheets and the duvet would be equally irrelevant. And the fact that the plaintiff would be getting absolutely no interest on her money as a result of that choice would similarly not be relevant to whether or not the defendant breached its fiduciary duty or was engaged in self-dealing or if the defendant's interest rates on the sweep account at the time of the relevant transactions was "below market." Accordingly, information about Merrill Lynch's practices concerning brokerage sweep accounts—along with any number of other competitor brokerage firms' similar practices—during the time period plaintiff held her brokerage account with UBS may be relevant or lead to

admissible evidence. But that is not what the defendant has requested of
Merrill Lynch in the context of the subpoena at issue.

*Id*. at *4.

Trident's Subpoena is not limited to the claims and defenses in this action. Fed. R.

Civ. P. 26. Trident is well aware of the factors that limit the scope of Trident's Subpoena

to CUDD: (1) the specific Casing; and (2) the oil and gas wells into which the Casing

was run, including the oil and gas wells that sustained damages due to the Casing. Fed.

R. Civ. P. 26 and 45. These factors must be reflected in any proper subpoena by way of

date and subject matter limitations. **Absolutely no** limitations appear in the Subpoena.

Trident's Subpoena far exceeds the bounds of discoverable information. Fed. R.

Civ. P. 26. Plaintiffs' Motion for protective order quashing the Subpoena should be

granted. Fed. R. Civ. P. 26(c)(1).

## II.

### THE SUBPOENA DEMANDS CONFIDENTIAL PROPRIETARY AND FINANCIAL DOCUMENTS NOT RELATED TO THIS ACTION

Trident's Subpoena requires CUDD to produce Plaintiffs' confidential proprietary

and financial information, **which has nothing to do with the claims and defenses in**

**this action**. A party to the action may properly move to quash a non-party subpoena

where the non-party subpoena seeks the party's confidential commercial information.

Fed. R. Civ. P. 45(d)(3)(B)(i); s*ee Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC,

2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (*citing Washington v. Thurgood*

*Marshall Academy,* 230 F.R.D. 18 (D.D.C.2005)); *see also Smith v. Midland Brake, Inc.,*

162 F.R.D. 683, 685 (D.Kan.1995). To obtain such confidential information, the issuing

party is required to show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship". Fed. R. Civ. P. 45(d)(3)(C)(1).

Trident's Subpoena requires CUDD to produce Plaintiffs' confidential well data even if the Casing at issue was never run in those wells. The wholesale production of such irrelevant financial information could have no bearing on this case. The Agreed Protective Order does not expand the scope of discovery or allow Trident unfettered access to Plaintiffs' unrelated, confidential commercial information.

Trident cannot show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship". Fed. R. Civ. P. 45(d)(3)(C)(1). Trident cannot show that it has **any** need for Plaintiffs' irrelevant confidential commercial information on wells **in which no Casing was run**. In addition, for the wells in which Casing was run Plaintiffs have produced over 260,000 pages of information, including: (1) casing tallies; (2) pressure data; (3) cementing reports; (4) mud reports; (5) daily reports; (6) frac reports; (7) drilling plans; and (8) vendor invoices (including invoices from CUDD).

Trident's Subpoena demands production of Plaintiffs' protected confidential commercial information that is not related, in any manner, to the claims and defenses in this action. The Federal Rules of Civil Procedure prohibit such intrusions. Plaintiffs' Subpoena should be quashed. Fed. R. Civ. P. 26(c)(7).

## <u>CONCLUSION</u>

Trident's Subpoena reflects a complete failure by Trident to even attempt to fashion the Subpoena to the claims and defenses in this action as required. Fed. R. Civ.

P. 26 and 45.  The substantive violations of the Federal Rules require the Subpoena to be quashed.  Fed. R. Civ. P. 26(b)(1), *In re Biovail Corp. Securities Litigation*, 247 F.R.D. 72, 74 (S.D. N.Y. 2007), *Straily v. UBS Fin. Servs., Inc.*, No. CIV-A-07-CV-00884-REB-KMT, 2008 WL 5378148, at *4 (D. Colo. Dec. 23, 2008) (citing *Price v. Cochran*, 66 Fed. Appx. 781, 786, 2003 WL 21054706, at *4 (10th Cir. May 12, 2003)); Fed. R. Civ. P. 45(d)(3)(B)(i).

As a result of Trident's failures to comply with the Federal Rules, there is nothing valid about Trident's Subpoena.  The applicable law, facts and bases for quashing Trident's Subpoena entitle Plaintiffs to recover their reasonable attorneys' fees and costs, incurred in relation to Plaintiffs' Motion to Quash.  Fed. R. Civ. P. 2(c).  Plaintiffs respectfully request the Court to consider whether Trident's grossly overbroad Subpoena merits awarding Plaintiffs their reasonable attorneys' fees and costs incurred in relation to Plaintiffs' Motion to Quash.  *Id.*

Plaintiffs have demonstrated entitlement to the relief they seek.  Plaintiffs respectfully request that Trident's Subpoena be quashed and Plaintiffs be awarded their reasonable fees and expenses incurred in relation to this Motion.  Plaintiffs further request that any documents ultimately produced by CUDD pursuant to a proper subpoena be required to be marked Confidential pursuant to the March 25, 2015 Agreed Protective Order [Dkt. # 123].  Fed. R. Civ. P. 26(c)(7).

Dated this 8th day of September, 2015.     Respectfully submitted,

/s/ Robin F. Fields
Robin F. Fields, OBA #10806
Kiran A. Phansalkar, OBA #11470
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:   rfields@cwlaw.com
             kphansalkar@cwlaw.com
             hnichols@cwlaw.com

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of September 2015, I electronically filed a true and correct copy of the above and foregoing document and served the same upon all parties of record via the Court's ECF system.

*/s/* Robin F. Fields
Robin F. Fields