## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CALYX ENERGY, LLC;
(2) AMERICAN ENERGY-WOODFORD,
LLC,

          Plaintiffs,

vs.

(3) TRIDENT STEEL CORPORATION,

          Defendant.

Case No. 5:14-cv-00551-L

## CALYX ENERGY, LLC'S SUPPLEMENTAL RESPONSES TO
## TRIDENT STEEL CORPORATION'S FIRST SET OF INTERROGATORIES

Plaintiff, Calyx Energy, LLC ("Calyx"), by and through its counsel and pursuant to Fed. R. Civ. P. 33, provides the following supplemental responses and objections to Defendant Trident Steel Corporation's First Set of Interrogatories ("Requests").

### GENERAL OBJECTIONS

1.    Calyx objects to the Requests to the extent that they call for the disclosure of information and documents that are protected from discovery and privileged for the reason that: (i) they are subject to the attorney-client privilege; (ii) they are covered by the "work product" immunity doctrine; (iii) they were generated in anticipation of litigation by or for Calyx or its representatives, including its attorneys, consultants, or agents; (iv) they relate to the identity or opinions of experts who have been retained or employed in anticipation of litigation and who are not expected to be called as witnesses; (v) they are subject to a protective or confidentiality agreement or order; and/or (vi) they

**EXHIBIT 1**

are otherwise privileged or beyond the scope of discovery under the applicable rules and laws.

2.      Calyx objects to each Definition and Instruction that accompanies the Requests to the extent they purport to expand or modify the breadth and scope of applicable discovery rules or seek to increase Calyx's duties beyond those under such rules.

3.      Calyx generally objects to each Request to the extent that it seeks information or material which is vague, ambiguous, necessarily requires interpretation by Calyx or others, and/or contains inferences.  Calyx specifically states it objects to and does not adopt or accept such interpretation(s) and/or inference(s).

4.      Calyx objects to the disclosure of information constituting trade secrets. Calyx further objects to the disclosure of confidential or highly sensitive information, including projected economic data, rate of return data, financial data, and pricing data. The production of such confidential information in the absence of a protective order or confidentiality agreement governing its confidentiality is unduly burdensome and prejudicial, exposing Calyx to a risk of irreparable competitive injury.  Calyx is willing to enter into an appropriate protective order or confidentiality agreement protecting the confidentiality of any confidential or proprietary business information of Calyx.

5.      By responding to these Requests, Calyx concedes neither the relevancy nor the admissibility of any information provided.  The disclosure of information in response to a specific Request does not constitute an admission that such information is probative of any particular issue in this case.

2

6.     Calyx objects to each Request to the extent that it states or seeks a legal conclusion.

7.     Calyx objects to each Request to the extent that it may be interpreted to be unlimited or not properly limited in time.

8.     Calyx objects to each Request to the extent that it seeks documents not under its control.

9.     An indication that documents will be made available for inspection does not necessarily mean that such documents actually exist or that such documents are in Calyx's possession, custody or control.  Such an indication means only that, if and to the extent they exist and are in Calyx's possession, and subject to all conditions and objections set forth in these responses, inspection will be permitted.

10.     Calyx objects to each Request seeking the production of "all documents," "referring to," "relating to," or "concerning" the subject matter as being beyond the scope of this lawsuit.  Such requests are overly broad, indefinite and consequently unduly burdensome or oppressive since they cover a potentially vast number of documents, many of which are confidential, irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.  In response to such requests, Calyx will produce documents otherwise producible or which are relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

11.     Calyx's investigation and discovery in this matter is ongoing.  Any responses to these Requests are made to the best of Calyx's belief and knowledge, and are given without prejudice to its right to amend, supplement and/or clarify its answers or

responses, if necessary, in accordance with the applicable rules. Calyx expressly reserves the right to amend, supplement and/or clarify its answers or responses to any and all of the Requests.

12.     These general objections are incorporated in Calyx's specific objections and/or answers. Failure to restate them in any specific objection and/or answer is not intended as any waiver of these general objections.

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

1.     Please identify all persons who participated in drafting and answering responses to each interrogatory by giving the person's full name, residential address, business address, telephone number and occupation.

RESPONSE TO INTERROGATORY NO 1:     John Podowski, Vice President and Chief Operating Officer of Calyx Energy, LLC, c/o counsel for Calyx, provided information for the Responses to the Interrogatories and is knowledgeable about the documents provided in Response to Requests for Production; undersigned counsel as to all objections, including the General Objections.

2.     Please identify each and every well in which Trident-supplied Goods were implemented, including the name of the well, the location of the well, the exact quantity and type of Goods that were implemented, and of those Goods, the specific Goods that you alleged were defective or non-conforming. (e.g. Black Gold #3; Smith County, Oklahoma; 43 strands of API 5CT grade P 110 5 1/2" casing).

RESPONSE TO INTERROGATORY NO 2:     Objection. This Interrogatory is overly broad and seeks information that is protected by the trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx. Further, Calyx will

supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:    Objection. This Interrogatory is overly broad and seeks information that is protected by the trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. including CALYX & AEW 000113 –141012 and CALYX & AEW 141686-263576.

Further Trident sold and delivered to Calyx 5 ½" casing, 7" casing and related couplings ("Casing"). Calyx ran some of the 5 1/2" casing in the following Calyx/American Energy-Woodford, LLC (collectively "Plaintiffs") wells in Oklahoma: Robison 4-1MH; Boyce 21-3MH; Wedel 29-1WX; Clay 21-2WX; and Ethridge 36-2WX. Plaintiffs experienced repeat failures in multiple wells as a result of the 5 ½' casing sold and delivered by Trident to Calyx ("Failure Events"). As a result of the Failure Events Plaintiffs did not run any further Casing in any other wells. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

3.    Please state the factual basis of your claim against Trident for Breach of Contract including identifying the specific contract provision alleged to have been breached.

RESPONSE TO INTERROGATORY NO 3:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx. Further,

Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

4.      Please state the factual basis of your claim against Trident for negligence and gross negligence, including but not limited to the duty allegedly breached, the manner of the alleged breach of duty, how the alleged breach proximately caused damages to You, and the damages allegedly resulting therefrom.

RESPONSE TO INTERROGATORY NO 4:     Objection.     This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures.  Further, see the numerous lawsuits involving Trident regarding defective materials.  Those lawsuits are public record.  In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 4:  Objection.  This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures.  Further, see the numerous lawsuits involving Trident regarding defective materials.  Those lawsuits are public record.  Further, current calculations of damages include: Ethridge well $ 831,254.06; Clay well $ 623,338.95; Expert fees $ 132,665.98; testing costs $ 62,355.40; storage fees $ 3,450.00 and continuing to accrue; attorney's fees and costs  $ 466,279.00 and continuing to accrue. Pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 033949 – 033970; ANDERSON & ASSOC. 000579; TUBASCOPE 000009; WASHITA 000066 – 000070; EPI 000001 – 0000021; NSAI 000001 – 000004; CALYX &

AEW 140927 – 141012; CALYX & AEW 141242 – 141685; and third-party invoices. Further, Calyx will supplement this Response, including damages related to the Boyce and Robison wells, by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

5.      Please state the factual basis of your claim against Trident for Misrepresentation, including but not limited to the date of the Misrepresentation, the form of the Misrepresentation, the legal basis for the claim of Misrepresentation, and the damages resulting therefrom.

RESPONSE TO INTERROGATORY NO 5:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, Trident regarding defective materials.  Those lawsuits are public record.  In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 5: Objection.  This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, Trident regarding defective materials.   Those lawsuits are public record.  Further, current calculations of damages include: Ethridge well $ 831,254.06; Clay well $ 623,338.95; Expert fees $ 132,665.98; testing costs $ 62,355.40; storage fees $ 3,450.00 and continuing to accrue; attorney's fees and costs  $ 466,279.00 and continuing to accrue. Pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 033949 – 033970; ANDERSON & ASSOC. 000579; TUBASCOPE 000009; WASHITA 000066 – 000070; EPI 000001 – 0000021; NSAI 000001 – 000004; CALYX & AEW 140927 – 141012; CALYX & AEW 141242 – 141685; and third-party invoices. Further, Calyx will supplement this Response,

including damages related to the Boyce and Robison wells, by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

6.    Please state the factual basis of your claim against Trident for Uniform Commercial Code and the damages allegedly resulting therefrom.

RESPONSE TO INTERROGATORY NO 6:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures.  In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 6:  Objection. This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures.  Further, current calculations of damages include: Ethridge well $ 831,254.06; Clay well $ 623,338.95; Expert fees $ 132,665.98; testing costs $ 62,355.40; storage fees $ 3,450.00 and continuing to accrue; attorney's fees and costs $ 466,279.00 and continuing to accrue.  Pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 033949 – 033970; ANDERSON & ASSOC. 000579; TUBASCOPE 000009; WASHITA 000066 – 000070; EPI 000001 – 0000021; NSAI 000001 – 000004; CALYX & AEW 140927 – 141012; CALYX & AEW 141242 – 141685; and third-party invoices. Further, Calyx will supplement this Response, including damages related to the Boyce and Robison wells, by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

7.    Please state the factual basis of your claim against Trident for Breach of Warranty, including but not limited to each warranty allegedly breached, the terms of each

warranty allegedly breached, the manner in which each warranty was allegedly breached, the time of the alleged breach, the document in which the warranty is located, and the damages allegedly resulting therefrom.

RESPONSE TO INTERROGATORY NO 7:     Objection.     This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 7: Objection. This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. Further, current calculations of damages include: Ethridge well $ 831,254.06; Clay well $ 623,338.95; Expert fees $ 132,665.98; testing costs $ 62,355.40; storage fees $ 3,450.00 and continuing to accrue; attorney's fees and costs $ 466,279.00 and continuing to accrue. Pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 033949 – 033970; ANDERSON & ASSOC. 000579; TUBASCOPE 000009; WASHITA 000066 – 000070; EPI 000001 – 0000021; NSAI 000001 – 000004; CALYX & AEW 140927 – 141012; CALYX & AEW 141242 – 141685; and third-party invoices. Further, Calyx will supplement this Response, including damages related to the Boyce and Robison wells, by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

8.     Please state the factual basis of your claim against Trident for Deceptive Trade Practices, including but not limited to the legal grounds for your claim, the manner and/or form of deception, the time of the deception, any fact that tends to prove

that Trident has knowledge of the defective nature of the goods it supplied, and the damages allegedly resulting therefrom.

RESPONSE TO INTERROGATORY NO 8:     Objection.     This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, Trident regarding defective materials.  Those lawsuits are public record.  In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 8:  Objection.  This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, Trident regarding defective materials.  Those lawsuits are public record.  Further, current calculations of damages include: Ethridge well $ 831,254.06; Clay well $ 623,338.95; Expert fees $ 132,665.98; testing costs $ 62,355.40; storage fees $ 3,450.00 and continuing to accrue; attorney's fees and costs $ 466,279.00 and continuing to accrue.  Pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 033949 – 033970; ANDERSON & ASSOC. 000579; TUBASCOPE 000009; WASHITA 000066 – 000070; EPI 000001 – 0000021; NSAI 000001 – 000004; CALYX & AEW 140927 – 141012; CALYX & AEW 141242 – 141685; and third-party invoices. Further, Calyx will supplement this Response, including damages related to the Boyce and Robison wells, by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

9.     Please state the factual basis of your claim against Trident for Slander of Title, including facts that tend to proves that Trident has knowledge that certain wells did not contain Trident-supplied material and the type and amount of damages claimed.

RESPONSE TO INTERROGATORY NO 9:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Response to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 9:    See Complaint ¶¶ 67 – 72.

10.    Please state the factual basis of your claim against Trident for attorneys' fees in this case and the total attorney's fees claim to date.

RESPONSE TO INTERROGATORY NO 10:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

11.    Are you claiming that all Trident-supplied Goods or only part of the Trident-supplied Goods were non-conforming?

RESPONSE TO INTERROGATORY NO 11:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 11: Objection. This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 000001 – 141221; CALYX & AEW 141242 – 141685; ANDERSON & ASSOC. 000001 – 000578; IOS 000001; TUBASCOPE 000001 – 000009; WASHITA 000001 – 000070; EPI 000001 – 000009; and January 22, 2014 letter from Robin F. Fields to Kevin Beckmann and Matt Beckmann. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

12.     Please describe in detail the alleged failure of the Casing, Couplings and Tubing, identifying which of those Goods you claim is non-conforming, the basis for that opinion, and the investigation you performed or caused to be performed related to those Goods.

RESPONSE TO INTERROGATORY NO 12: Objection. This Interrogatory is overly broad, and seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business

12

records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 12:     See supplemental Responses to Interrogatory No. 11.

13.     Please list and describe all communications between You and Trident relating to the subject matter of this Lawsuit, if any, including the time, place, manner, participants and subject of each communication.

RESPONSE TO INTERROGATORY NO 13:  Objection.  This Interrogatory is overly broad, vague and ambiguous.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx and filed in this action.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 13:  Objection. This Interrogatory is overly broad, vague and ambiguous.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 141013 – 141028; CALYX & AEW 141090 – 141167; CALYX & AEW 141242 – 141685; TRIDENT 000001 – 000094.

14.     Please list and describe all communications between you and Aju Besteel USA, Aju Besteel Co., Ltd., Commercial Metals Company, and/or Ace Industrial Group, Inc. relating to the subject matter of this Lawsuit, if any, including the time, place, manner, participants and subject of each communication.

RESPONSE TO INTERROGATORY NO 14:  Objection.  This Interrogatory is overly broad, vague and ambiguous.

To the extent Calyx does not object, at Trident's request, the November 12, 2013 meeting between Trident and Calyx concerning the Failure Events and Joint Testing was attended by: Thomas Sfikas and George Slota of CMC Cometals Steel; Gerald Lee and Dae Hyun, Lee of AJU Besteel co., ltd; and Daniel Lee of AJUBESTEEL USA, Inc.

Pursuant to Fed. R. Civ. P. 33, further answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx and filed in this action.

SUPPLEMENTAL RESPONSE TO INERROGATORY NO 14: Objection. This Interrogatory is overly broad, vague and ambiguous.

To the extent Calyx does not object, at Trident's request, the November 12, 2013 meeting between Trident and Calyx concerning the Failure Events and Joint Testing was attended by: Thomas Sfikas and George Slota of CMC Cometals Steel; Gerald Lee and Dae Hyun, Lee of AJU Besteel co., ltd; and Daniel Lee of AJUBESTEEL USA, Inc.

Pursuant to Fed. R. Civ. P. 33, further answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 141090 – 141167 and CALYX & AEW 141242 – 141685.

15.    If you contend Trident is a "manufacturer" of the Goods, as that term is defined under the UCC or 12 O.S. Section 832.1, please state the general factual and legal basis for your contention.

RESPONSE TO INTERROGATORY NO 15:    Objection. This Interrogatory is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, Trident provided Casing and Tubing with attached couplings to Calyx. Trident's role in the "manufacture" of the Casing and Tubing is not yet fully known to Calyx at this time. In addition, 12 Okla. St. Ann. § 832.1 is titled "Product liability actions--Duty of

manufacturer to indemnify seller". Calyx is neither the manufacturer nor Seller of the Casing or Tubing.

16.    If you contend that you undertook reasonable and/or prudent measures to mitigate your damages with respect to the alleged failure of the Goods, please describe in detail such efforts to mitigate damages.

RESPONSE TO INTERROGATORY NO 16:    Objection. This Interrogatory is overly broad, and seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.

To the extent Calyx does not object, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx and filed in this action.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 16:    Objection. This Interrogatory is overly broad, and seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.

To the extent Calyx does not object, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 033943 – 033970; CALYX & AEW 141090 – 14116; CALYX & AEW 141242 – 141685; EPI 000001 – 000021; AND NSAI 000001 - 000004. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

17.    Please describe all efforts that you have taken to determine the cause of the failure in the Wells.

RESPONSE TO INTERROGATORY NO 17:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Response to Interrogatory No. 2 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx and filed in this action. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 17:    Objection. This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Response to Interrogatory No. 2 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. ANDERSON & ASSOC. 000001 – 000578; CALYX & AEW 000001 – 000003; CALYX & AEW 000004 – 000112; EPI 000001 – 000009; NSAI 000001; CALYX & AEW 141090 – 141167; and CALYX & AEW 141242 – 141685. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

18.    Please describe all efforts taken by you to confirm whether the Goods meet the applicable A.P.I. specifications.

RESPONSE TO INTERROGATORY NO 18:    Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business

16

records that contain information sought by this Interrogatory.  See documents produced by Calyx and filed in this action.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:  Objection. This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx docs not object and subject to ongoing discovery, see Responses to Interrogatory Nos. 2 and 3 and Calyx's Initial Disclosures.  In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Plaintiffs, including Bates Nos. ANDERSON & ASSOC. 000001 – 000578; CALYX & AEW 000001 – 000003; CALYX & AEW 000004 – 000112; EPI 000001 – 000021; NSAI 000001 – 000004; CALYX & AEW 141090 – 141167; and CALYX & AEW 141242 – 141685.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

19.    Please identify any and all persons who have examined the Wells and/or Goods in an effort to determine the cause of the failure(s).  In answering this Interrogatory, please state the result or conclusions that was reached by the identified person(s) (if any) who examined the Wells and/or Goods.

RESPONSE TO INTERROGATORY NO 19:  Objection.    This Interrogatory seeks information that is protected by the work product privilege, trial preparation privilege and/or other privilege.  Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Response to Interrogatory No. 2 and Calyx's Initial Disclosures.  In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx and filed in this action.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 19:  Objection. This Interrogatory seeks information that is protected by the work product privilege, trial

17

preparation privilege and/or other privilege. Discovery is ongoing in this case and all the relevant facts have not yet been fully determined.

To the extent Calyx does not object and subject to ongoing discovery, see Response to Interrogatory No. 2 and Calyx's Initial Disclosures. In addition, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 000001 – 141221; CALYX & AEW 141090 – 141167; ANDERSON & ASSOC. 000001 – 000578; IOS 000001; TUBASCOPE 000001 – 000009; WASHITA 000001 – 000070; EPI 000001 – 000021; and NSAI 000001 - 000004. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

20.    Identify each and every person who had any pecuniary interest in producing hydrocarbons from the Wells. For each person identified, state the nature of the interest (working, overriding, etc.) and the percentage of the interest.

RESPONSE TO INTERROGATORY NO 20:    Objection. This Interrogatory is overly broad, and seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx and filed in this action. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 20:    Objection. This Interrogatory is overly broad, and seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought

18

by this Interrogatory.  See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 141029 – 141089 and 141242 – 263601.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

21.    Identify each natural person who was present when the Goods allegedly failed. Include in your response each person's name, address, phone number, employer and job title.

RESPONSE TO INTERROGATORY NO 21:   Pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.  See documents produced by Calyx and filed in this action.  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 21:    Pursuant    to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory.   See documents produced by Plaintiffs, including Bates Nos.  CALYX & AEW 000001 – 141221; ANDERSON & ASSOC. 000001 – 000578; IOS 000001; TUBASCOPE 000001 – 000009; WASHITA 000001 – 000070; EPI 000001 – 000009 .  Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

22.    If you contend that the Wells were lost, describe in detail the facts and circumstances that support your contention, including your efforts to repair the wells after the alleged failure, the amount spent, if any, towards repairing the wells and the cost to drill a replacement well.

RESPONSE TO INTERROGATORY NO 22:   Objection.  This Interrogatory is overly broad, vague and ambiguous.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records.  The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx.  Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx and filed in this action.  Further,

Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

23. If you contend that the alleged loss of the Wells resulted in a complete inability to produce hydrocarbons from the reservoir, describe in detail the facts and circumstances that support your contention.

RESPONSE TO INTERROGATORY NO 23: Objection. This Interrogatory is overly broad, vague and ambiguous.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx and filed in this action. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

24. Please set forth the chain of custody for all the tubular products (e.g. Goods) used in the Wells, including the identification of each and every person or entity that came into contact with the Goods at any point in the distribution channel, or any witnesses to the alleged failure of the wells or Goods.

RESPONSE TO INTERROGATORY NO 24: Objection. This Interrogatory is overly broad, vague and ambiguous.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx.

25. Please describe with particularity and for each affected well, the process utilized to install casing, tubings and couplings.

RESPONSE TO INTERROGATORY NO 25: Objection. This Interrogatory is overly broad, vague, ambiguous and seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the

same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Calyx. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO 25:</u>    Objection. This Interrogatory is overly broad, vague, ambiguous and seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

To the extent Calyx does not object, pursuant to Fed. R. Civ. P. 33, the answer may be derived or ascertained from business records. The burden of deriving or ascertaining the answer to this Interrogatory from business records is substantially the same for Trident as for Calyx. Therefore, Calyx elects to respond to this Interrogatory by producing non-privileged and relevant business records that contain information sought by this Interrogatory. See documents produced by Plaintiffs, including Bates Nos. CALYX & AEW 000113 – 033948; CALYX & AEW 033971 – 140926; and third-party invoices produced by Plaintiffs. Further, Calyx will supplement this Response by expert report submitted pursuant to the Court's Scheduling Order, to be entered.

Robin F. Fields, OBA #10806
Kiran A. Phansalkar, OBA #11470
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:  rfields@cwlaw.com
         kphansalkar@cwlaw.com
         hnichols@cwlaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on the _20th_ day of August, 2015, a true and correct copy of the above and foregoing document was served by placing same in the United States mail, with proper postage thereon duly prepaid, or served by other means as noted, to those parties as listed below:

| | |
|---|---|
| *Attorneys for Defendant and Third-Party Plaintiff, Trident Steel Corporation*<br>Theresa N. Hill, OBA #19119<br>Jesse L. Sumner, Jr., OBA #19583<br>Rhodes Hieronymus Jones Tucker & Gable<br>P. O. Box 21100<br>Tulsa, Oklahoma  74121-1100<br>T: (918) 582-1173<br>F: (918) 592-3390<br>E: thill@rhodesokla.com<br>E: jsumner@rhodesokla.com | ☐ U.S. Mail ☐ (Certified / Receipt Requested)<br>☐ Fax<br>☐ E-mail<br>☐ Hand Delivery<br>☒ Overnight Mail<br>Other_____ |
| *Attorneys for Defendant and Third Party Plaintiff, Trident Steel Corporation*<br>Matthew Vianello<br>Jacobson Press & Fields, P.C.<br>168 N. Meramec Ave., Suite 150<br>Clayton, Missouri  63105<br>T: (314) 899-9789<br>F: (314) 899-0282<br>E: vianello@archcitylawyers.com | ☐ U.S. Mail ☐ (Certified / Receipt Requested)<br>☐ Fax<br>☐ E-mail<br>☐ Hand Delivery<br>☒ Overnight Mail<br>Other_____ |
| *Attorneys for Third Party Defendant, Ace Industrial Group, Inc.*<br>Riley W. Mulinix, OBA #30654<br>Russell L. Mulinix, OBA #6494<br>Mulinix Ogden Hall & Ludlam<br>210 Park Avenue, Suite 3030<br>Oklahoma City, Oklahoma  73102<br>T: 405-232-3800<br>F: 405-232-8999<br>E: rusty@lawokc.com<br>E: riley@lawokc.com | ☒ U.S. Mail ☐ (Certified / Receipt Requested)<br>☐ Fax<br>☐ E-mail<br>☐ Hand Delivery<br>☐ Overnight Mail<br>Other_____ |

| | |
|---|---|
| *Attorneys for Third Party Defendants, A-Ju Besteel Co., Ltd. and A-Ju Besteel USA, Inc. and Commercial Metals Company*<br>Keith C. Cramer, TX #<br>Christopher S. Norcross<br>Gordon &Rees, LLP<br>2100 Ross Avenue, Suite 2800<br>Dallas, Texas 75201<br>T: 214-231-4660<br>F: 214-461-4053<br>E: kcramer@gordonrees.com<br>E: cnorcross@gordonrees.com<br><br>And<br><br>Ryan S. Wilson, OBA #14340<br>WILSON LAW FIRM<br>Post Office Box 891390<br>Oklahoma City, Oklahoma 73189<br>T: 405-246-0092<br>F: 405-246-9652<br>E: ryan@RSWilsonlaw.com | ☒ U.S. Mail ☐ (Certified / Receipt Requested)<br>☐ Fax<br>☐ E-mail<br>☐ Hand Delivery<br>☐ Overnight Mail<br>Other_____ |
| *Attorneys for Third-Party Defendant, CMC Cometals Steel, A Division of Commercial Metals Company*<br>Douglas D. Fletcher, TX #07139500<br>Jeffrey D. Smith, TX #24063008<br>Fletcher, Farley, Shipman & Salinas LLP<br>9201 N. Central Expressway, Suite 600<br>Dallas, Texas 75231<br>T: 214-987-9600<br>F: 214-987-9866<br>E: doug.fletcher@fletcherfarley.com<br>E: Jeffrey.smith@fletcherfarley.com | ☒ U.S. Mail ☐ (Certified / Receipt Requested)<br>☐ Fax<br>☐ E-mail<br>☐ Hand Delivery<br>☐ Overnight Mail<br>Other_____ |

Heidi M. Nichols

<u>**VERIFICATION**</u>

STATE OF OKLAHOMA )
                  )
COUNTY OF TULSA   )

The undersigned hereby states, upon his oath, that he has read the factual information provided in Calyx Energy, LLC's Supplemental Responses to Trident Steel Corporation's First Set of Interrogatories and that, to the best of his personal knowledge, the same is true and correct.

John Podowski, Vice President and
  Chief Operating Officer
Calyx Energy, LLC

Subscribed and sworn to before me this 20th day of August, 2015.

[SEAL]

DEENA HINES
Notary Public in and for the
State of Oklahoma
Commission #14004121
My Commission expires 5/02/2018

Notary Public
My commission expires: 5/2/2018

24