IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CALYX ENERGY, LLC;

(2) AMERICAN ENERGY - WOODFORD, LLC,

                 Plaintiffs,

vs.

(1) TRIDENT STEEL CORPORATION,

                 Defendant.

Case No. 5:14-cv-00551-L

**PLAINTIFFS' REPLY TO TRIDENT'S RESPONSE TO
PLAINTIFFS' OBJECTIONS TO AND MOTION FOR
PROTECTIVE ORDER AND TO QUASH TRIDENT'S DOCUMENT SUBPOENA**

Plaintiffs, Calyx Energy, LLC ("Calyx") and American Energy-Woodford, LLC ("AEW") (collectively "Plaintiffs"), file this Reply to Trident Steel Corporation's Response to Plaintiffs' Objections to and Motion for Protective Order and to Quash Trident Steel Corporation's Document Subpoena and Brief in Support [Dkt. # 199] ("Trident's Response"). Trident's Response admits the extreme over-breadth of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued on August 20, 2015 by Trident Steel Corporation ("Trident") to CUDD Energy Services ("Subpoena") [Dkt. # 162][1]. Trident's proposal to limit such improper Subpoena to the services CUDD has provided to Plaintiffs in the entire State of Oklahoma is no meaningful limitation at all. Further, Trident refused to consider any geographical limit in Plaintiffs' meet and confer with Trident relating to the Subpoena.

---

[1] The Subpoena is attached as Exhibit 1 to Plaintiffs' Objections to and Motion for Protective Order and to Quash Trident Steel Corporation's Document Subpoena and Brief in Support [Dkt. # 177] ("Motion").

# I.

## TRIDENT'S IMPROPER SUBPOENA SHOULD BE QUASHED

Trident's Response provides no legal or factual basis to overcome or defeat Plaintiffs' Objection to and Motion for Protective Order and to Quash Trident Steel Corporation's Document Subpoena and Brief in Support [Dkt. # 177] ("Motion to Quash"). Trident does not even address Plaintiffs' cited case law supporting the Motion to Quash.

Casing and related couplings sold and delivered by Trident to Calyx ("Casing") were run into eight wells: (1) Clay 21-2WX ("Clay"); (2) Ethridge 36-2WX ("Ethridge"); (3) Boyce 21-3MH ("Boyce"); (4) Robison 4-1MH ("Robison"); (5) Wedel 29-1WX ("Wedel"); (6) Bostian 17-3MH ("Bostian"); (7) Hartley 31-1MH ("Hartley"); and (8) Williams 8-2MH ("Williams") ("Eight Trident Wells"). (*See* Response p. 2). Of those Eight Trident Wells, seven are located in Payne County and the eighth, the Clay, is located in Lincoln County. Plaintiffs produced voluminous operations information on each of the Eight Trident Wells.

Four of the Eight Trident Wells sustained failures as a result of the Casing: (1) Clay; (2) Ethridge; (3) Boyce; and (4) Robison ("Four Damaged Wells"). (*See* Response p. 2). Plaintiffs produced voluminous production information for each of the Four Damaged Wells.

Trident's Subpoena improperly seeks **all** of Plaintiffs' **protected commercial information** for **any well ever drilled and/or operated** by Calyx, AEW or an associated entity. Trident's Subpoena ignores the limited number of relevant wells at issue and the

limited geographical area covered by those wells.  Plaintiffs respectfully request that the Motion to Quash be granted.

      **A.**     **Trident's Subpoena Is Improperly Unlimited In Time Or Scope**

Contrary to Trident's argument, Trident is not entitled to issue to unfettered discovery concerning **any** aspect of Plaintiffs' business.  Trident is required to, but did not, tailor its Subpoena to the legitimate issues in this lawsuit.  *E.E.O.C. v. Unit Drilling Co.*, 13-CV-147-TCK-PJC, 2014 WL 130551, *4 (N.D. Okla. Jan. 13, 2014).  Trident does not deny that its Subpoena is "extraordinarily broad" and contains "boilerplate language" in violation of the law.  *Id*. at *3.  Trident attempts to read limitations into the Subpoena where none exist.

Trident states that it "issued a Subpoena to CUDD Energy Services ("CUDD") seeking discovery related to **any** issues, claims, and production with Plaintiffs' oil and gas wells."  (Trident's Response, p. 1) (emphasis added).  Trident further claims its Subpoena seeks:

- "to determine if Plaintiffs **generally** have issues with drilling or production in their wells".

- "**anything**…related to issues and claims **in any wells** that do not have Trident casing."

- "how plaintiffs projected the production" for the Boyce and Robison; and

- if the projected production for the Boyce and Robison "are confirmed by Plaintiffs' calculations in other wells."

(Response p. 3).  None of these categories are mentioned anywhere in the Subpoena.  Trident's Subpoena contains absolutely no such limitations.  The Subpoena literally seeks

"Any and all documents" regarding Calyx and AEW. (*See* Motion to Quash Exhibit 1 – Exhibit 1). Trident wholly failed to even attempt to properly limit its Subpoena in compliance with Fed. R. Civ. P. 26 and 45.[2]

Trident's belated attempt to invent specific inquiries into the Subpoena demonstrates that the Subpoena could be and should have been limited in time and scope in the first place. *Id.* Such attempt to add such categories still renders the Subpoena an impermissible fishing expedition, which should be quashed under Oklahoma Law. *Unit Drilling Co.*, *supra*. Trident is not permitted to shift its burden to reasonably limit the Subpoena to Plaintiffs, the Court or CUDD. *Id.*; *Unit Drilling Co.*, *supra*; *Straily v. UBS Fin. Servs., Inc.*, No. CIV-A-07-CV-00884-REB-KMT, 2008 WL 5378148 (D. Colo. Dec. 23, 2008).

Subpoenas without time or subject matter limitations are improper and should be quashed. *Id.* Plaintiffs respectfully request that Plaintiffs' Motion to Quash be granted.

**B.  Trident's Proposed, Amended Subpoena Continues To Be Improperly Unlimited In Scope**

Trident's proposed, Amended Subpoena, attached as Exhibit 1 to Trident's Response, ("Proposed Improper Amended Subpoena") is still improperly unlimited in scope. The Proposed Improper Amended Subpoena continues to demand production of "**Any and all documents** regarding Calyx Energy, LLC ("Calyx") and American Energy Woodford, LLC ("AEW") **or associated entity**" in Oklahoma. Exhibit 1 to Trident's Response, p. 2 (emphasis added). Trident continues to make no attempt to tailor the

---

[2] Plaintiffs address in Paragraph B, infra, the irrelevance of the categories of documents stated in Trident's Response.

Proposed Improper Amended Subpoena to the issues in this action as required under Rules 26 and 45.

Trident's quest for voluminous information for all wells drilled by Plaintiffs in Oklahoma is not supportable or defensible. Plaintiffs have been actively drilling, producing and operating in Oklahoma in multiple counties, different formations and varying underground conditions. Such dramatic differences in wells in Oklahoma render all such dissimilar drilling, producing and operating activities meaningless, irrelevant and not calculated to lead to admissible evidence as to the Four Damaged Wells or Eight Trident Wells. These significant differences simply do not and cannot provide any insight into production projections, calculations or damages claimed by Plaintiffs in this case.

Trident's theory of their defense that Plaintiffs had "systemic problem(s) drilling or producing" anywhere in Oklahoma fails for at least three reasons. First, it ignores the very real and material differences in geography, geology and underground conditions.

Second, it seeks to avoid the fact that Plaintiffs gave significant operational information about the Eight Trident Wells, and Trident's expert can review and analyze that information to determine how the drilling, producing and operation of the Boyce and Robison compare with the Wedel, Bostian, Hartley and Williams – which did not experience failures, were successfully completed and are producing. The publicly available production information regarding the Eight Trident Wells further allows Trident's expert to determine any production difference and any resulting damages therefrom.

Finally, Trident's theory that Plaintiffs' operations arguably caused the Four Damaged Wells still does not allow Trident to go on a fishing expedition in discovery. The authorities upon which Trident relies does not permit such a result, and Oklahoma cases upon which Plaintiffs rely prohibit such results. Trident does not address or dispute the effects or requirements of the cases relied upon by Plaintiffs.

Trident incorrectly represents to the Court that Trident agreed to limit the Subpoena temporally and geographically. Trident only agreed to limit the Subpoena temporally. The fact that the Proposed Improper Amended Subpoena now contains an excessive temporal limitation and in essence no real geographical location belies the fact that Trident refused to make any limitation to the scope of the Subpoena, including a geographical one, in Plaintiffs' meet and confer with Trident on September 2, 2015.

The Proposed Improper Amended Subpoena is actually an **expanded subpoena**, adding to the demanded production: "Any services for the wells identified as: 1) Clay 21; 2) Clay 28; 3) Ethridge; 4) Boyce; 5) Robison; 6) Wedel 29; 7) McGuire 17; 8) Eubank 11-2; 9) Holderread 34-4; 10) Hartly 31-1; 11) Hildebrand 12-1; 12) Hildebrand 6-2; 13) Williams 8-2; and 14) Bostian 17-3." Exhibit 1, p.2 ¶ (a). This added request exceeds the Eight Trident Wells to include wells that are not relevant.

The Proposed Improper Amended Subpoena requests information on **two wells not even requested by Trident from Plaintiffs** – Hildebrand 12-1 and Hildebrand 6-2. (*See* Trident Steel Corporation's Motion to Compel and Brief in Support Directed to Calyx Energy, LLC and American Energy-Woodford, LLC, p. 5 (limiting discovery requests to the Eight Trident Wells and seeking information on the McGuire and Clay

6

28).  Trident has not sought information on the Hildebrand wells from Plaintiffs because operations in the Hildebrand Wells are not relevant to the claims or defenses in this case.  The Hildebrand wells contain 7" Casing manufactured by Interpipe.  Plaintiffs' claims of defects in 7" Casing manufactured by Interpipe relate to 7" Casing that was **never run in any wells**.

The **Clay 28 is not an oil and gas well**.  Therefore, operations in the Clay 28 are not comparable to the operations surrounding the use of the Casing in the Eight Trident Wells, which are all oil and gas wells.

Plaintiffs did not run any of Trident's Casing in the McGuire 17, Eubank 11-2 or Holderread 34-4.  Operations in those wells will provide no relevant information concerning the use of the Casing.

CUDD is not a party to this litigation.  It is logical that having received the overly broad Subpoena containing absolutely no limitations, temporal or subject matter, CUDD is waiting to learn the "terms, documents and information" required to be produced.  (*See* Response p. 7).  Once a proper subpoena, tailored to the claims and defenses in this action is properly issued to CUDD, Plaintiffs have no doubt that CUDD will comply.  *Id*.  CUDD's document production pursuant to a proper amended subpoena will be subject to the Protective Order as agreed by Trident.  (*See* Response p. 7).

The Proposed Improper Amended Subpoena contains multiple fatal defects.  Therefore, the Proposed Improper Amended Subpoena is not a proper alternative to the Subpoena.  Plaintiffs' Motion to Quash should be granted.

## II.

## TRIDENT IGNORES ITS DUTIES IN ISSUING SUBPOENA TO THIRD-PARTY SERVICE PROVIDERS

The Proposed Improper Amended Subpoena reflects that Trident could, and should, have limited the Subpoena in scope temporally and geographically. (*See* Response p. 7). As set forth above, Trident agreed to a time limitation but no other limitation.

A proper and meaningful temporal limitation is required and is improperly omitted from the Subpoena or the Proposed Improper Amended Subpoena. A proper temporal limitation would be the year in which the Casing was sold and delivered by Trident to Calyx and run into Plaintiffs' wells – January 2013 through December 2013. Plaintiffs' proposed time period of one year prior to any relationship with Trident, including the sale and delivery of Casing (August 2013) to nine months past the last instance when Casing was sold and delivered by Trident and run into a well by Plaintiffs (November 2013) is excessive.

The Proposed Improper Amended Subpoena continues to ignore Trident's legal duty to limit the Subpoena to the subject matter of this action. Regardless of any time period, Trident's demand for operations and production information on every single well drilled by Calyx, AEW or any associated entity in Oklahoma is contrary to the law. Trident's demand ignores the limited number of wells into which Casing was run and experienced failures as well as the limited geographical area covered by those wells –

three in Payne County and one in Lincoln County. It also ignores the differences in the zones into which the wells were completed and from which they are producing.

### A. Plaintiffs Produced Information Relevant to Operation of The Eight Trident Wells

Trident claims the Subpoena seeks operations information relevant to whether Plaintiffs' operations contributed or caused the failures in the Four Damaged Wells. (*See* Motion p. 2). Plaintiffs produced to Trident information concerning when and how Trident's Casing was used. Plaintiffs produced to Trident operations information – how Casing was run into the wellbore after drilling, fracing process, and completion process – for each of the Eight Trident Wells ("Operations Information"). The produced Operations Information on the Eight Trident Wells exceeds 260,000 pages.

Trident's expert has the Plaintiffs' Operations Information produced on both the Four Damaged Wells, and the Eight Trident Wells. Trident's expert can compare the reflected operational conditions around the Casing in failed wells as well as wells that did not fail.

### B. Trident Has Access To Information Relevant To Loss Of Production In The Boyce And Robison

Plaintiffs produced to Trident production information for each of the Four Damaged Wells. (Bates labeled CONFIDENTIAL, CALYX & AEW 140927 – 141012). The Four Damaged Wells are located in two counties: Payne and Lincoln. Trident is not entitled to unlimited discovery of Plaintiffs' protected commercial information concerning production regardless of location, reservoir, conditions, or time of production.

Trident's claim that a third-party service provider is going to know the manner in which Plaintiffs' experts have calculated Plaintiffs' loss of production damages on the Boyce and Robison for this action is ludicrous. Plaintiffs have clearly and unequivocally stated that Plaintiffs' damages on the Boyce and Robison wells are the subject of Plaintiffs' expert's opinion. (*See* Trident Steel Corporation's Reply Brief in Support of Its Motion to Compel Directed to Calyx Energy, LLC and American Energy-Woodford, LLC pp. 5-6 (Trident acknowledges that Plaintiffs' Boyce and Robison damages are subject of expert opinion)). When the Court requires expert opinions reports and the bases of such, Plaintiffs will comply with the Court's deadlines. However, Trident's expert has the same access to the non-confidential production data that is publicly available at the Oklahoma Corporation Commission as Plaintiffs' expert.

Any subpoena issued by Trident should be reasonably limited in time and subject matter as required by law. Rule 26; rule 45; *Unit Drilling Co.*, *supra*; *Straily, supra*. Trident's Subpoena – and Trident's Proposed Improper Amended Subpoena – fail to satisfy such requirements. The Subpoena should be quashed.

## CONCLUSION

Trident's citation to broad construction of relevancy does not excuse unbridled discovery of a parties' unrelated and protected commercial information. Plaintiffs have demonstrated entitlement to the relief they seek. Plaintiffs respectfully request that Trident's Subpoena be quashed.

Dated this 6th day of October, 2015.    Respectfully submitted,

/s/ Robin F. Fields
Robin F. Fields, OBA #10806
Kiran A. Phansalkar, OBA #11470
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:   rfields@cwlaw.com
             kphansalkar@cwlaw.com
             hnichols@cwlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2015, I electronically filed a true and correct copy of the above and foregoing document and served the same upon all parties of record via the Court's ECF system.

>  */s/* Robin F. Fields
>  Robin F. Fields