## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  CALYX ENERGY, LLC,<br><br>(2)  AMERICAN ENERGY –<br>     WOODFORD, LLC,<br>                    Plaintiffs,<br><br>vs.<br><br>(3)  TRIDENT STEEL CORPORATION,<br><br>(4)  KEVIN BECKMANN,<br>                    Defendants. | Case No. CIV-14-551-L |

### PLAINTIFFS' OBJECTIONS TO AND MOTION FOR
### PROTECTIVE ORDER AND TO QUASH DEFENDANT'S
### DOCUMENT SUBPOENA TO HUNTER STEEL, LLC AND BRIEF IN SUPPORT

Plaintiffs, Calyx Energy, LLC ("Calyx") and American Energy-Woodford, LLC ("AEW") (collectively "Plaintiffs"), pursuant to Rules 26 and 45 of the Fed. R. Civ. P., object to, and move for a protective order and to quash ("Motion") the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued on September 28, 2015 by Trident Steel Corporation ("Trident") to Hunter Steel, LLC ("Subpoena") [Dkt. # 197-1], attached hereto as Exhibit 1.  Federal Rules of Civil Procedure 26 and 45: (1) require that the Subpoena be limited in scope to the issues in this action – the defective casing sold and delivered by Trident to Calyx between August and November 2013, and the resulting damages incurred by Plaintiffs; and (2) prohibit irrelevant intrusions into Plaintiffs' irrelevant, protected confidential commercial information.

## FACTS

Between August and November 2013 – a **three month period** - Trident sold and delivered casing and related couplings to Calyx ("Casing"). Plaintiffs experienced multiple failures in quick succession in four of eight wells into which the Casing was run – (1) Clay 21-2WX; (2) Boyce 21-3MH; (3) Robison 4-1MH; and (4) Ethridge 36-2WX ("Four Damaged Wells"). Plaintiffs accordingly ceased using the Casing and rejected the remaining, unused Casing. Calyx also was required to purchase replacement casing in October and November 2013, for two wells – Eubanks 11-2WX ("Eubanks") and Holderread 34-4MH ("Holderread") – ("Hunter Replacement Casing"). Plaintiffs' damages include the Four Damaged Wells and Replacement Casing.

On August 27, 2015, the Replacement Casing damages and Hunter Replacement Casing Invoices were produced to Trident. (Exhibit 2, American Energy-Woodford, LLC's Responses to Trident Steel Corporation's Second Requests for Production, Response to Request No. 5; Exhibit 3, **Confidential** Hunter Invoices, Bates Nos. CALYX & AEW 263602-263619 Filed Under Seal). The Hunter Replacement Casing Invoices identify the Eubanks and Holderread wells for which the Replacement Casing was purchased. (Exhibit 3).

A month after receiving the Hunter Replacement Casing Invoices on the Eubanks and Holderread, Trident issued the Subpoena to Hunter. The Subpoena is not limited to the issues or timeframes in this action as required by Rules 26 and 45 of the Federal Rules of Civil Procedure.

The Subpoena is impermissibly overly broad in at least three areas. **Trident admits that only the eight oil and gas wells into which Trident Casing was run are relevant** ("Admission"). (*See* Trident Steel Corporation's Reply Brief in Support of Its Motion to Compel Directed to Calyx Energy, LLC and American Energy-Woodford, LLC [Dkt. # 195], p. 8 lines 1-7). Despite such Admission, the Subpoena improperly demands: (1) "**Any and all documents**"; (2) concerning **any and all of Plaintiffs' gas wells in Oklahoma**; (3) for a two year period of time (a year prior to and a year after Trident's three month sale of Casing to Calyx). (Exhibit 1, Subpoena - Exhibit 1 (emphasis added)).

This is not the first or the last third-party subpoena Trident has issued that seeks both information already produced to Trident by Plaintiffs and voluminous information **admittedly** unrelated to any issue or defense in this case. Despite Plaintiffs' efforts to resolve these third-party subpoena issues without the Court's involvement, Plaintiffs must repeatedly seek that Court's assistance in properly limiting Trident's subpoenas to non-parties to claims and defenses in this action.

The Subpoena is not tailored, as it is required to be, to Plaintiffs' relationship with Hunter relating to the claims and defenses. The Subpoena goes well beyond the **three month** span of time during which Trident sold and delivered the Casing to Calyx (August – November 2013) and the **two months** in which Hunter sold the Replacement Casing to Calyx (October and November 2013). The Subpoena also improperly exceeds the two wells for which the Replacements Casing was sold and into which it was run (Eubanks and Holderread wells).

The Subpoena impermissibly seeks information well outside the short time frame at issue with Hunter and far outside the Hunter Replacement Casing. The Subpoena violates the Federal Rules of Civil Procedure by demanding all documents concerning Plaintiffs' commercial relationship with Hunter without any connection to the claims or defenses in this action. Plaintiffs respectfully request that the Court quash the Subpoena. Plaintiffs further request that any documents ultimately produced by Hunter pursuant to a properly narrow subpoena be required to be marked Confidential pursuant to the March 25, 2015 Agreed Protective Order [Dkt. # 123]. Fed. R. Civ. P. 26(c)(7).

## CERTIFICATION OF CONFERENCE

Plaintiffs certify that on Thursday, October 8, 2015, Plaintiffs' counsel did in good faith confer with counsel for Trident in an effort to resolve the dispute without Court action. However, such efforts were unsuccessful.

## ARGUMENT AND AUTHORITIES

### I.

### THE NON-PARTY DOCUMENT SUBPOENA IS FACIALLY OVERLY BROAD AND SEEKS INFORMATION THAT IS NOT RELEVANT

Subpoenas issued pursuant to Rule 45 are constrained by the relevancy limitations imposed by Rule 26(b). In order to be discoverable "information sought must be relevant to a claim or defense of any party." *In re Biovail Corp. Securities Litigation*, 247 F.R.D. 72, 74 (S.D. N.Y. 2007) citing Fed. R. Civ. P. 26(b)(1). The foremost fundamental principle regarding subpoenaed discovery, then, "is that a subpoena duces tecum to obtain materials in advance of trial should be issued only when the party seeking the

materials can show that the materials are evidentiary and relevant." *Straily v. UBS Fin. Servs., Inc.*, No. CIV-A-07-CV-00884-REB-KMT, 2008 WL 5378148, at *4 (D. Colo. Dec. 23, 2008) (citing *Price v. Cochran*, 66 Fed. Appx. 781, 786, 2003 WL 21054706, at *4 (10th Cir. May 12, 2003)). Trident's Subpoena is not properly limited and should be quashed. *E.E.O.C. v. Unit Drilling Co.*, No. 13-CV-147-TCK-PJC, 2014 WL 130551 (N.D. Okla. Jan. 13, 2014).

In *Unit Drilling Co.*, defendant issued subpoenas to non-party educational institutions and former employers of four women who plaintiff alleged were discriminated against by defendant. *Id.* at *1. Defendant's subpoenas sought "[a]ll academic information and records" and "[a]ll employment information and records" without any time or subject matter limitations. *Id*. Plaintiff moved to quash the subpoenas on the grounds that the subpoenas were overbroad and sought information irrelevant to any claim or defense. *Id.*

The trial court in *Unit Drilling Co.*, found that defendant's subpoenas were "extraordinarily broad" and contained "boilerplate language." Id at *3. The subpoenas sought "any and all documents ... related in any way" to a wide range of topics. *Id*. They "are overbroad as to the time period for which information is sought as well as to the breadth of personal information sought." *Id.* at *4. The trial court quashed the subpoenas holding that it was "clear that [the defendant] made little effort to tailor its subpoenas to the case at hand." *Id*. The Court noted that the defendant "may issue proper subpoenas appropriately tailored to legitimate issues in the lawsuit." *Id*.

In *Straily*, the plaintiff sued her former financial services provider, UBS, alleging breach of contract and violation of fiduciary duty. *Straily* at *1. Prior to the litigation, UBS terminated plaintiff's account and she transferred her investments to Merrill Lynch. *Id.* Pursuant to Rule 45, UBS issued a subpoena to Merrill Lynch, a non party, requesting all documents pertaining to plaintiff's accounts and communications with Merrill Lynch. *Id.* The requested documents were all generated subsequent to the termination of plaintiff's relationship with UBS. *Id.* at *4. In lieu of filing a motion to quash the non-party subpoena, plaintiff responded that the documents sought from Merrill Lynch by UBS were not discoverable pursuant to Rule 26 because they were irrelevant to the case. *Id.* at *1. The Court agreed and granted plaintiff a protective order, holding that the discovery requests to Merrill Lynch were beyond the scope of proper discovery pursuant to Fed. R. Civ. P. 26(b)(1). *Id.* at *4.

In analyzing the plaintiff's request, the *Straily* Court determined that she had standing to seek a protective order because she was a party subject to the jurisdiction of the court and was, therefore, entitled to request the court "to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery." *Straily*, at *2 (citing *Caldwell v. Life Ins. Co. of North America*, 165 F.R.D. 633, 637 (D. Kan. 1996)). Furthermore, the Court found that requested documents had "absolutely nothing to do with the claims asserted in this case" because they were all generated subsequent to the termination of the relationship between plaintiff and UBS. *Straily*, at *3. In granting the

plaintiff a protective order, the Court noted that:

> the choices plaintiff made subsequent to the date UBS terminated her as a client are simply irrelevant to the relationship between UBS and plaintiff and the claims in this case. Plaintiff could just as well have put her money in the guest room mattress; the color of the sheets and the duvet would be equally irrelevant. And the fact that the plaintiff would be getting absolutely no interest on her money as a result of that choice would similarly not be relevant to whether or not the defendant breached its fiduciary duty or was engaged in self-dealing or if the defendant's interest rates on the sweep account at the time of the relevant transactions was "below market." Accordingly, information about Merrill Lynch's practices concerning brokerage sweep accounts—along with any number of other competitor brokerage firms' similar practices—during the time period plaintiff held her brokerage account with UBS may be relevant or lead to admissible evidence. But that is not what the defendant has requested of Merrill Lynch in the context of the subpoena at issue.

*Id*. at *4.

According to Trident's own Admission, discovery may be had on **only eight** of Plaintiffs' wells – the eight wells into which Trident Casing was run. The only discoverable information held by Hunter relevant to the claims and defenses in this action is the Hunter Replacement Casing for the Eubanks and Holderread. Pursuant to Trident's own Admission, the Subpoena should be limited to the Hunter Replacement Casing on the Eubanks and Holderread. Trident's Admission dramatically exposes the improper scope of the Subpoena and supports Plaintiffs' Motion.

Like the subpoena in *Unit*, Trident's Subpoena requires Hunter to produce Plaintiffs' admittedly irrelevant information that is also protected confidential contracting information concerning **any and all materials sold by Hunter to either Plaintiff for**

**any well in Oklahoma**. *Unit* requires such "extraordinarily broad" Subpoena to be quashed. *Unit* at *4.

Trident's Subpoena also far exceeds the bounds of Rule 26(b). Trident's Subpoena seeks admittedly irrelevant information concerning Plaintiffs' commercial relationship with Hunter concerning materials never run into the Four Damaged Wells – Trident's Casing was used in those wells – and that was not used in replacement of the defective Trident Casing. Like the subpoena in *Straily*, the broad range of admittedly irrelevant and protected commercial information demanded in the Subpoena over a time period well beyond the **two months** Hunter provided Hunter Replacement Casing is not related to Plaintiffs' claims and damages. *Straily* supports quashing the improper Subpoena.

Trident's Subpoena is not limited to the claims and defenses in this action. Fed. R. Civ. P. 26. Trident is well aware of the factors that limit the scope of Trident's discovery of Plaintiffs' relationship with Hunter: (1) the Replacement Casing sold by Hunter to Calyx in October and November 2013; and (2) the two oil and gas wells into which the Replacement Casing was run – Eubanks and Holderread. Fed. R. Civ. P. 26 and 45. These factors must be reflected in any proper subpoena by way of proper date and subject matter limitations. These proper and required limitations do not appear in the Subpoena.

Trident's Subpoena far exceeds the bounds of discoverable information. Fed. R. Civ. P. 26. Plaintiffs' Motion for protective order quashing the Subpoena should be granted. Fed. R. Civ. P. 26(c)(1).

## II.

## THE SUBPOENA DEMANDS CONFIDENTIAL PROPRIETARY AND FINANCIAL DOCUMENTS NOT RELATED TO THIS ACTION

Trident's Subpoena requires Hunter to produce Plaintiffs' confidential proprietary commercial information, **which has nothing to do with the claims and defenses in this action**. A party to the action may properly move to quash a non-party subpoena where the non-party subpoena seeks the party's confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); s*ee Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (*citing Washington v. Thurgood Marshall Academy,* 230 F.R.D. 18 (D.D.C.2005)); *see also Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995). To obtain such protected confidential information, the issuing party is required to show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship". Fed. R. Civ. P. 45(d)(3)(C)(1).

The substantial commercial transactions between Plaintiffs and Hunter that are not related to the Four Damaged Wells or the Replacement Casing are protected commercial information not subject to discovery by Trident. Trident has asserted the same privilege. In discovery, Trident has refused to produce the commercial information that it claims involves sales of materials to other entities. Trident continues to withhold such information on the grounds that it is irrelevant, protected commercial information. (Exhibit 4, 9/9/15 Letter from Theresa Hill, counsel for Trident, to Robin F. Fields et al., counsel for Plaintiffs, ¶ 2). Trident's Subpoena demands production of information Trident has declared is not subject to discovery. Trident cannot have it both ways.

The wholesale production of such admittedly irrelevant financial information – which Trident claims is protected from production when it relates to Trident's financial information – could have no bearing on this case. The Agreed Protective Order does not expand the scope of discovery or allow Trident unfettered access to Plaintiffs' unrelated, confidential commercial information. Trident cannot show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship". Fed. R. Civ. P. 45(d)(3)(C)(1). Trident cannot show that it has **any** need for Plaintiffs' admittedly irrelevant and confidential commercial information concerning Plaintiffs' commercial relationship with Hunter beyond the Replacement Casing run into the Eubanks and Holderread.

Trident's Subpoena demands production of Plaintiffs' irrelevant and protected confidential commercial information that is not related, in any manner, to the claims and defenses in this action. The Federal Rules of Civil Procedure prohibit such intrusions. Plaintiffs' Subpoena should be quashed. Fed. R. Civ. P. 26(c)(7).

## CONCLUSION

Trident's Admission demonstrates its blatant attempt to obtain irrelevant information. Trident's Subpoena reflects a failure by Trident to properly fashion the Subpoena to the claims and defenses in this action as required. Fed. R. Civ. P. 26 and 45. The substantive violations of the Federal Rules require the Subpoena to be quashed. Fed. R. Civ. P. 26(b)(1), *In re Biovail Corp. Securities Litigation*, 247 F.R.D. at 74; *Straily*, 2008 WL 5378148, at *4; Fed. R. Civ. P. 45(d)(3)(B)(i).

As a result of Trident's failures to comply with the Federal Rules, there is nothing valid about Trident's Subpoena.  Plaintiffs respectfully request that Trident's Subpoena be quashed.  Plaintiffs further request that any documents ultimately produced by Hunter pursuant to a properly narrow subpoena be required to be marked Confidential pursuant to the March 25, 2015 Agreed Protective Order [Dkt. # 123].  Fed. R. Civ. P. 26(c)(7).

Dated this 12th day of October, 2015.      Respectfully submitted,

/s/ Robin F. Fields
Robin F. Fields, OBA #10806
Kiran A. Phansalkar, OBA #11470
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:  rfields@cwlaw.com
        kphansalkar@cwlaw.com
        hnichols@cwlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October 2015, I electronically filed a true and correct copy of the above and foregoing document and served the same upon all parties of record via the Court's ECF system.

>*/s/* Robin F. Fields
>Robin F. Fields