# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) CALYX ENERGY, LLC,

(2) AMERICAN ENERGY –
    WOODFORD, LLC,

          Plaintiffs,

vs.

(3) TRIDENT STEEL CORPORATION,

(4) KEVIN BECKMANN,

          Defendants.

Case No. CIV-14-551-L

## PLAINTIFFS' OBJECTIONS TO AND MOTION FOR PROTECTIVE ORDER AND TO QUASH DEFENDANT'S DOCUMENT SUBPOENA TO NOV TUBOSCOPE AND BRIEF IN SUPPORT

Plaintiffs, Calyx Energy, LLC ("Calyx") and American Energy-Woodford, LLC ("AEW") (collectively "Plaintiffs"), pursuant to Rules 26 and 45 of the Fed. R. Civ. P., object to, and move for a protective order and to quash ("Motion") the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued on September 28, 2015 by Trident Steel Corporation ("Trident") to NOV Tuboscope ("Subpoena") [Dkt. # 198-1], attached hereto as Exhibit 1.  Federal Rules of Civil Procedure 26 and 45: (1) require that the Subpoena be limited in scope to the issues in this action – the defective casing sold and delivered by Trident to Calyx between August and November 2013, and the resulting damages incurred by Plaintiffs; and (2) prohibit irrelevant intrusions into Plaintiffs' irrelevant, protected confidential commercial information.

## FACTS

Between August and November 2013 – a **three month period** - Trident sold and delivered casing and related couplings to Calyx ("Casing"). Plaintiffs experienced multiple failures in quick succession in four of eight wells into which the Casing was run – (1) Clay 21-2WX; (2) Boyce 21-3MH; (3) Robison 4-1MH; and (4) Ethridge 36-2WX ("Four Damaged Wells"). Plaintiffs accordingly ceased using the Casing and rejected the remaining, unused Casing.

Calyx and Trident agreed to have the Casing that could be recovered from the Four Damaged Wells and the unused Casing jointly tested. The testing was conducted pursuant to agreed upon protocol and by agreed-upon testing entities, including NOV Tuboscope ("Joint Testing"). The Joint Testing was conducted from November 2013 into March 2014. (*See* Plaintiff Calyx Energy, LLC's Response to Defendant Trident Steel Corporation's Motion for Partial Summary Judgment [Dkt. # 73], pp. 10-14). The Joint Testing revealed numerous and different types of defects in the unused and recovered Casing, including holes and cracks ("Joint Testing Data"). The Joint Testing Data, including the NOV Tuboscope documents, was all first provided to Trident on or before May 2, 2014. *Id*. This action was commenced on May 28, 2014. All the Joint Testing Data, including the NOV Tuboscope information, was again produced in discovery on April 1, 2015.

On February 3, 2015, Trident originally issued several document subpoenas to the entities that conducted the Joint Testing, including NOV Tuboscope a/k/a National Oilwell Varco, L.P. ("NOV Tuboscope"). (Exhibit 2, 2/3/15 Notice of Issuing First

Amended Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises In a Civil Action to Non-Parties [Dkt. # 117], and document subpoenas to three Joint Testing entities attached thereto). The February 3, 2015 document subpoenas to the Joint Testing entities, including to NOV Tuboscope, were properly limited to the Joint Testing by reference to the Joint Testing work order numbers. (*See* Exhibit A to each of the document subpoenas attached Exhibits 1, 3 and 5 to the Notice [Dkt. # 117]). Plaintiffs did not object to those properly limited document subpoenas. The response deadline to the February 3, 2015 document subpoena to NOV Tuboscope was March 5, 2015. Plaintiffs have not been provided any documents produced by NOV Tuboscope to Trident pursuant to such subpoena.

Trident has **twice** received the admittedly relevant NOV Tuboscope information from Plaintiffs in May 2014 and April 2015. Despite those facts, on September 28, 2015, Trident issued another document Subpoena to NOV Tuboscope. Unlike the February 3, 2015 document subpoena, this Subpoena goes well beyond NOV Tuboscope's limited connection in time and scope with this action in violation of Rules 26 and 45 of the Federal Rules of Civil Procedure.

The Subpoena is impermissibly, overly broad in at least three areas. **Trident admits that only the eight oil and gas wells into which Trident Casing was run are relevant** ("Admission"). (*See* Trident Steel Corporation's Reply Brief in Support of Its Motion to Compel Directed to Calyx Energy, LLC and American Energy-Woodford, LLC [Dkt. # 195], p. 8 lines 1-7). Despite this Admission, the Subpoena improperly demands: (1) "**Any and all documents**"; (2) concerning **any and all of Plaintiffs' gas**

**wells in Oklahoma**; (3) for a two year period of time (a year prior to and a year after Trident's three month sale of Casing to Calyx).  (Exhibit 1, Subpoena - Exhibit 1 (emphasis added)).

This is not the first, but it's currently the latest, third-party subpoena Trident has issued that seeks both information already produced to Trident by Plaintiffs and voluminous information unrelated to any issue or defense in this case.  Despite Plaintiffs efforts to resolve these third-party subpoena issues without the Court's involvement, Plaintiffs must repeatedly seek that Court's assistance in properly limiting Trident's subpoenas to non-parties to claims and defenses in this action.

The Subpoena is not tailored as it is required to be, to NOV Tuboscope's involvement in the matters relating to the claims and defenses in this action – the Joint Testing conducted between November 2013 and March 2014.  The Subpoena goes well beyond the **four month** span of time during which Joint Testing was conducted, November 2013 – March 2014.  The Subpoena also improperly exceeds the Joint Testing conducted by NOV Tuboscope.

The Subpoena seeks irrelevant information that is also protected confidential commercial information far beyond the limited time span and involvement of NOV Tuboscope.  The Subpoena violates the Federal Rules of Civil Procedure by demanding all documents concerning Plaintiffs' commercial relationship with NOV Tuboscope without any connection to the claims or defenses in this action.  Plaintiffs respectfully request that the Court quash the Subpoena.

## CERTIFICATION OF CONFERENCE

Plaintiffs certify that on Thursday, October 8, 2015, Plaintiffs' counsel did in good faith confer with counsel for Trident in an effort to resolve the dispute without Court action. However, such efforts were unsuccessful.

## ARGUMENT AND AUTHORITIES

### I.

### THE NON-PARTY DOCUMENT SUBPOENA IS FACIALLY OVERLY BROAD AND SEEKS INFORMATION THAT IS NOT RELEVANT

Subpoenas issued pursuant to Rule 45 are constrained by the relevancy limitations imposed by Rule 26(b). In order to be discoverable "information sought must be relevant to a claim or defense of any party." *In re Biovail Corp. Securities Litigation*, 247 F.R.D. 72, 74 (S.D. N.Y. 2007) citing Fed. R. Civ. P. 26(b)(1). The foremost fundamental principle regarding subpoenaed discovery, then, "is that a subpoena duces tecum to obtain materials in advance of trial should be issued only when the party seeking the materials can show that the materials are evidentiary and relevant." *Straily v. UBS Fin. Servs., Inc.*, No. CIV-A-07-CV-00884-REB-KMT, 2008 WL 5378148, at *4 (D. Colo. Dec. 23, 2008) (citing *Price v. Cochran*, 66 Fed. Appx. 781, 786, 2003 WL 21054706, at *4 (10th Cir. May 12, 2003)). Trident's Subpoena is not properly limited and should be quashed. *E.E.O.C. v. Unit Drilling Co.*, No. 13-CV-147-TCK-PJC, 2014 WL 130551 (N.D. Okla. Jan. 13, 2014).

In *Unit Drilling Co.*, defendant issued subpoenas to non-party educational institutions and former employers of four women who plaintiff alleged were

discriminated against by defendant. *Id.* at *1. Defendant's subpoenas sought "[a]ll academic information and records" and "[a]ll employment information and records" without any time or subject matter limitations. *Id.* Plaintiff moved to quash the subpoenas on the grounds that the subpoenas were overbroad and sought information irrelevant to any claim or defense. *Id.*

The trial court in *Unit Drilling Co.*, found that defendant's subpoenas were "extraordinarily broad" and contained "boilerplate language." Id at *3. The subpoenas sought "any and all documents ... related in any way" to a wide range of topics. *Id.* They "are overbroad as to the time period for which information is sought as well as to the breadth of personal information sought." *Id.* at *4. The trial court quashed the subpoenas holding that it was "clear that [the defendant] made little effort to tailor its subpoenas to the case at hand." *Id.* The Court noted that the defendant "may issue proper subpoenas appropriately tailored to legitimate issues in the lawsuit." *Id.*

In *Straily*, the plaintiff sued her former financial services provider, UBS, alleging breach of contract and violation of fiduciary duty. *Straily* at *1. Prior to the litigation, UBS terminated plaintiff's account and she transferred her investments to Merrill Lynch. *Id.* Pursuant to Rule 45, UBS issued a subpoena to Merrill Lynch, a non party, requesting all documents pertaining to plaintiff's accounts and communications with Merrill Lynch. *Id.* The requested documents were all generated subsequent to the termination of plaintiff's relationship with UBS. *Id.* at *4. In lieu of filing a motion to quash the non-party subpoena, plaintiff responded that the documents sought from Merrill Lynch by UBS were not discoverable pursuant to Rule 26 because they were irrelevant to the case.

6

*Id*. at *1. The Court agreed and granted plaintiff a protective order, holding that the discovery requests to Merrill Lynch were beyond the scope of proper discovery pursuant to Fed. R. Civ. P. 26(b)(1). *Id*. at *4.

In analyzing the plaintiff's request, the *Straily* Court determined that she had standing to seek a protective order because she was a party subject to the jurisdiction of the court and was, therefore, entitled to request the court "to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery." *Straily*, at *2 (citing *Caldwell v. Life Ins. Co. of North America*, 165 F.R.D. 633, 637 (D. Kan. 1996)). Furthermore, the Court found that requested documents had "absolutely nothing to do with the claims asserted in this case" because they were all generated subsequent to the termination of the relationship between plaintiff and UBS. *Straily*, at *3. In granting the plaintiff a protective order, the Court noted that:

> the choices plaintiff made subsequent to the date UBS terminated her as a client are simply irrelevant to the relationship between UBS and plaintiff and the claims in this case. Plaintiff could just as well have put her money in the guest room mattress; the color of the sheets and the duvet would be equally irrelevant. And the fact that the plaintiff would be getting absolutely no interest on her money as a result of that choice would similarly not be relevant to whether or not the defendant breached its fiduciary duty or was engaged in self-dealing or if the defendant's interest rates on the sweep account at the time of the relevant transactions was "below market." Accordingly, information about Merrill Lynch's practices concerning brokerage sweep accounts—along with any number of other competitor brokerage firms' similar practices—during the time period plaintiff held her brokerage account with UBS may be relevant or lead to admissible evidence. But that is not what the defendant has requested of Merrill Lynch in the context of the subpoena at issue.

*Id*. at *4.

According to Trident's own Admission, discovery may be had on **only eight** of Plaintiffs' wells – the eight wells into which Trident Casing was run. Trident's Admission dramatically exposes the improper scope of the Subpoena – any and all of Plaintiffs' wells in Oklahoma – and supports Plaintiffs' Motion.

Like the subpoena in *Unit*, Trident's Subpoena requires NOV Tuboscope to produce Plaintiffs' admittedly irrelevant information that is also protected confidential information concerning **any and all materials and any of Plaintiffs' wells in Oklahoma**. *Unit* requires such "extraordinarily broad" Subpoena to be quashed. *Unit* at *4.

Trident's Subpoena also far exceeds the bounds of Rule 26(b). Trident's Subpoena seeks admittedly irrelevant information concerning materials not supplied by Trident and never run into the Four Damaged Wells. Like the subpoena in *Straily*, the broad range of admittedly irrelevant and protected commercial information demanded in the Subpoena over a period well beyond the four months Joint testing was conducted, is not related to Plaintiffs' claims and damages. *Straily* supports quashing the Subpoena.

Trident's Subpoena is not limited to the claims and defenses in this action. Fed. R. Civ. P. 26. Trident is well aware of the factors that limit the scope of Trident's discovery of NOV Tuboscope: (1) the Joint Testing conducted by NOV Tuboscope; and (2) Joint Testing time period from November 2013 to March 2014. Fed. R. Civ. P. 26 and 45. These factors must be reflected in any proper subpoena by way of proper date and subject matter limitations. These proper and required limitations do not appear in the Subpoena.

Trident's Subpoena far exceeds the bounds of discoverable information. Fed. R. Civ. P. 26. Plaintiffs' Motion for protective order quashing the Subpoena should be granted. Fed. R. Civ. P. 26(c)(1).

## II.

### THE SUBPOENA DEMANDS CONFIDENTIAL PROPRIETARY AND FINANCIAL DOCUMENTS NOT RELATED TO THIS ACTION

Trident's Subpoena requires Tuboscope to produce Plaintiffs' confidential proprietary commercial information, **which has nothing to do with the claims and defenses in this action**. A party to the action may properly move to quash a non-party subpoena where the non-party subpoena seeks the party's confidential commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i); see *Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (*citing Washington v. Thurgood Marshall Academy,* 230 F.R.D. 18 (D.D.C.2005)); *see also Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995). To obtain such protected confidential information, the issuing party is required to show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship". Fed. R. Civ. P. 45(d)(3)(C)(1).

Commercial transactions between Plaintiffs and NOV Tuboscope that are not related to the Joint Testing is protected commercial information not subject to discovery by Trident. Trident has asserted the same privilege. In discovery, Trident has refused to produce commercial information concerning sales of materials to other entities. Trident continues to withhold such information on the grounds that it is irrelevant, protected

commercial information. (Exhibit 3, 9/9/15 Letter from Theresa Hill, counsel for Trident, to Robin F. Fields et al., counsel for Plaintiffs, ¶ 2). Trident's Subpoena demands production of information Trident has declared is not subject to discovery. Trident cannot have it both ways.

The wholesale production of such admittedly irrelevant financial information – which Trident claims is protected from production when it relates to Trident's financial information – could have no bearing on this case. The Agreed Protective Order does not expand the scope of discovery or allow Trident unfettered access to Plaintiffs' unrelated, confidential commercial information. Trident cannot show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship". Fed. R. Civ. P. 45(d)(3)(C)(1). Trident cannot show that it has **any** need for Plaintiffs' admittedly irrelevant and confidential commercial information.

Trident's Subpoena demands production of Plaintiffs' irrelevant and protected confidential commercial information that is not related, in any manner, to the claims and defenses in this action. The Federal Rules of Civil Procedure prohibit such intrusions. Plaintiffs' Subpoena should be quashed. Fed. R. Civ. P. 26(c)(7).

## **CONCLUSION**

Trident's Admission demonstrates its blatant attempt to obtain irrelevant information. Trident's Subpoena reflects a failure by Trident to properly fashion the Subpoena to the claims and defenses in this action as required. Fed. R. Civ. P. 26 and 45. The substantive violations of the Federal Rules require the Subpoena to be quashed. Fed.

R. Civ. P. 26(b)(1), *In re Biovail Corp. Securities Litigation*, 247 F.R.D. at 74; *Straily*, 2008 WL 5378148, at *4; Fed. R. Civ. P. 45(d)(3)(B)(i).

As a result of Trident's failures to comply with the Federal Rules, there is nothing valid about Trident's Subpoena. Plaintiffs respectfully request that Trident's Subpoena be quashed and the discovery not be permitted.

Dated this 12th day of October, 2015.   Respectfully submitted,

/s/ Robin F. Fields
Robin F. Fields, OBA #10806
Kiran A. Phansalkar, OBA #11470
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:   rfields@cwlaw.com
             kphansalkar@cwlaw.com
             hnichols@cwlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October 2015, I electronically filed a true and correct copy of the above and foregoing document and served the same upon all parties of record via the Court's ECF system.

*/s/* Robin F. Fields
Robin F. Fields