## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)  CALYX ENERGY, LLC,

(2)  AMERICAN ENERGY –
     WOODFORD, LLC,

                 Plaintiffs,

vs.

(3)  TRIDENT STEEL CORPORATION,

(4)  KEVIN BECKMANN,

                 Defendants.

Case No. CIV-14-551-L

### PLAINTIFFS' REPLY TO TRIDENT STEEL CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO QUASH DOCUMENT SUBPOENA TO HUNTER STEEL, LLC

Plaintiffs, Calyx Energy, LLC and American Energy-Woodford, LLC ("Plaintiffs") reply to Trident Steel Corporation's ("Trident") Response to Plaintiffs' Motion for Protective Order and to Quash Document Subpoena to Hunter Steel and Brief in Response ("Trident's Response") [Dkt. # 224]. Trident's Response and Trident's prior pleadings support Plaintiffs' Motion for Protective Order and to Quash Document Subpoena to Hunter Steel, LLC ("Plaintiffs' Motion") [Dkt. # 215], for the following reasons: (1) Trident has **admitted** in prior pleadings that Plaintiffs have standing to safeguard Plaintiffs' confidential commercial information in the hands of Plaintiffs' suppliers; (2) Trident **admits** the commercial pricing information demanded in the Hunter Subpoena [Dkt. # 197] is protected, confidential information under Rule 45; (3) Trident's response does not and cannot state any "substantial need" required under Rule 45 to gain access to Plaintiffs' protected commercial information; and (4) Trident **admits**

that the protected commercial information is not relevant to the claims and defenses in this action as required under Rule 26.

The Hunter Subpoena is not properly limited in time or scope in violation of Rules 26 and 45.  The Hunter Subpoena should be quashed.

## ARGUMENT AND AUTHORITY

Plaintiffs' Motion properly invokes the protections of Fed. R. Civ. P. 45 and 26, as independent bases for relief.  Rule 26 establishes the limits of a Rule 45 Subpoena. *Straily v. UBS Fin. Servs., Inc.*, 2008 WL 5378148 at * 4 (D. Colo. December 23, 2008). The Hunter Subpoena is so extremely overbroad that it is facially apparent Trident made no effort to tailor the Hunter Subpoena to the claims and defenses of this action as required under both Rule 26 and Rule 45.

The information demanded by Trident's Hunter Subpoena is irrelevant under Rule 26 and constitutes Plaintiffs' protected confidential commercial information under Rule 45.  Trident's Response has not and cannot establish the requisite showing of substantial need for such protected information.  Fed. R. Civ. P.  45(d)(3)(c)(i).

Trident's suggestion that Plaintiffs do not have standing to an undue burden argument in producing the documents is misplaced.  (*See* Trident's Response, pp. 1 and 4).  Plaintiffs make no such argument.

Trident's Response completely ignores its previous admissions.  Perhaps that is because those admissions support Plaintiffs' position that the Hunter Subpoena impermissibly seeks Plaintiffs' confidential commercial information that is not relevant to any claim or defense in this litigation.  The caselaw cited in Trident's Response does

not change the character of Plaintiffs' confidential commercial information or provide a basis to allow discovery of such irrelevant information.   Plaintiffs' Motion to Quash should be granted.

## I.

### PLAINTIFFS HAVE A PERSONAL RIGHT TO PROTECT PLAINTIFFS' CONFIDENTIAL COMMERCIAL INFORMATION

Plaintiffs have Rule 45 standing to object to the Hunter Subpoena because Plaintiffs have a personal right in their own confidential commercial information. *Clower v. GEICO Ins.*, No. CIV 12-0472 JB/WDS, 2013 WL 1897832, at *7 (D.N.M. Apr. 16, 2013) (quashing a subpoena issued to a non-party after finding the party-movant to have a "legitimate interest" in its own confidential and proprietary information in the hands of the non-party sufficient to satisfy standing under Rule 45).   Plaintiffs clearly have a personal and legitimate interest in protecting the pricing terms of its contracts with third-parties.   These pricing terms are the same terms **Trident claims are protected commercial information in refusing to produce pricing information** to Plaintiffs in discovery in this action.   (*See* Proposition II (A) *supra*).

Trident's "presumption" that Plaintiffs' objection to the overbreadth of the Hunter Subpoena is related to the burden in production of the documents is wrong.   Plaintiffs' Motion does not seek to quash the Hunter Subpoena on that basis.   Rather, Plaintiffs rightfully object to Trident's failure to limit the Hunter Subpoena to the Four Damaged Wells and the Hunter Replacement Casing for two additional wells (Eubanks and Holderread) as required under Rule 26.

3

Plaintiffs also have standing under Rule 26.  Wholly apart from a Rule 45 analysis, Plaintiffs have standing to request the Court "to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery."  *See Straily v. UBS Fin. Servs., Inc.*, No. CIV-A-07-CV-00884-REB-KMT, 2008 WL 5378148, at * 4 (D. Colo. Dec. 23, 2008).  **Trident's Response does not challenge Plaintiffs' standing under Rule 26**.

Trident's prior pleading recognizes Plaintiffs' personal right to seek protection from Trident's document subpoena demanding Plaintiffs' protected commercial information.  On September 8, 2015, Plaintiffs filed a motion for protective order and to quash Trident's document Subpoena to CUDD Energy Services, **on the same Rule 26 and Rule 45 legal bases asserted in Plaintiffs' Motion**.  ("Motion to Quash CUDD Subpoena") [Dkt. # 177].  Trident **did not** raise a standing argument in response to Plaintiffs' Motion to Quash CUDD Subpoena.  Trident has clearly acknowledged Plaintiffs' standing to raise the objections and seek the relief in Plaintiffs' Motion.

Plaintiffs have demonstrated that they are entitled to the relief requested under both Rule 45 and Rule 26.  Plaintiffs' Motion to quash the Hunter Subpoena should be granted.

## II.

### THE HUNTER SUBPOENA VIOLATES RULE 45

**A.      Trident Has Established That The Hunter Subpoena Seeks Protected Confidential Commercial Information Under Rule 45.**

Plaintiffs have a personal right in the commercial negotiations between Plaintiffs and a supplier, including price negotiations.  In seeking to deny such a right, Trident

ignores: (1) Trident's own contrary admission; (2) Trident's claim and assertion of that same personal right to withhold the pricing information between Trident (supplier) and its customers; and (3) Oklahoma case law cited in Plaintiffs' Motion.

Trident's argument that Plaintiffs are not entitled to protection of their confidential commercial information under Rule 45 is fatally flawed because **Trident previously admitted** that the information demanded in the Hunter Subpoena constitutes confidential commercial information. *See* Pls.' Mot. to Quash at 9 (citing 9/9/15 Letter from Theresa Hill, counsel for Trident, to Robin F. Fields et al., counsel for Plaintiffs, ¶ 2). Trident wholly ignores this critically harmful fact in its Response brief, requesting instead that this Court order the discovery of the **exact same type of information** that Trident refuses to produce to Plaintiffs. Trident has not and cannot suggest any reason for this Court's different treatment of the same information.

Plaintiffs have produced relevant Hunter Steel, LLC ("Hunter") information marked "Confidential – Subject to Protective Order", and Trident has never challenged that designation. (Ex. 3 to Plaintiffs' Motion). Trident is not entitled to the confidential commercial information held by Hunter that exceeds relevant information concerning Four Damaged Wells and the Hunter Replacement Casing. Plaintiffs have established – in part by Trident's own admissions and pleadings – that the information demanded in the Hunter Subpoena is protected under Rule 45.

**B.**     **Trident Has Not And Cannot Establish The Requisite Substantial Need For Plaintiffs' Confidential Commercial Information Demanded in the Hunter Subpoena Under Rule 45.**

It is now Trident's burden to show a substantial need for such protected information.  Trident's Response does not or even attempt to demonstrate a substantial need for Plaintiffs' protected confidential commercial information demanded in the Hunter Subpoena. Fed. R. Civ. P. 45(d)(3)(C)(1).  The Court's inquiry can properly end here to grant Plaintiffs' Motion.

Equally compelling is the fact that Trident **cannot demonstrate** the requisite substantial need.  Trident has admitted that the sought after protected commercial information is not relevant to the claims or defenses in this action.  (*See* Proposition III).  There can be no "substantial need" for information that is admittedly irrelevant under Rule 26.

Trident admits that the Hunter Subpoena seeks protected commercial information.  Trident has not and cannot meet its burden of demonstrating a substantial need for Plaintiffs' confidential commercial information that is unrelated to the use of Replacement Casing in the Eubanks and Holderread wells, as required under Rule 45.  Plaintiffs' Motion should be granted.

## III.

## THE HUNTER SUBPOENA VIOLATES RULE 26

Rule 26(b) imposes a relevancy limitation on discovery: in order to be discoverable, "information sought must be relevant to a claim or defense of any party." *In re Biovail Corp. Securities Litigation*, 247 F.R.D. 72, 74 (S.D. N.Y. 2007) (citing Fed.

R. Civ. P. 26(b)(1)).  Trident's Response states that the only relevant information held by Hunter are records reflecting sales of materials by Hunter to Plaintiffs for the Four Damaged Wells.  (Trident's Response, p.2).[1]  Trident' Hunter Subpoena does not track this admitted narrow but accurate scope of relevance.

Trident's Hunter Subpoena demands "any and all documents concerning any and all of Plaintiffs' gas wells in Oklahoma for a two year period of time." (Hunter Subpoena – Ex. 1, Pls.' Mot. to Quash.  Trident admits the Hunter Subpoena requested "any and all documents" concerning any and all transactions between Plaintiffs and Hunter relating to any and all casing, couplings and tubular products.  *Id.*  This clearly overly-broad request encompasses hundreds of wells in the State of Oklahoma, not at issue in this litigation.

Trident has admitted to this Court that a Subpoena that goes beyond the **wells at issue** in this action is improper under Rule 26.  (*See* Plaintiffs' Motion, p. 2).  Trident reaffirms that admission in Trident's Response, stating Trident is only looking for Hunter documents concerning "If Plaintiffs used Hunter-supplied material in their **wells that are at issue in this case**".  (Trident's Response, p.2) (emphasis added).  Despite these admissions, Trident's Response then makes two strained arguments in attempt to salvage the improper Hunter Subpoena.

Contrary to Trident's assertion, the unlimited Hunter Subpoena is not necessary to capture all Hunter-supplied materials to the Four Damaged Wells.  (Trident's Response, p. 7).  Materials supplied by Hunter to Plaintiffs and used in the Four Damaged Wells are

---

[1] Plaintiffs have already provided copies of the relevant Hunter Replacement Casing records, attached as sealed Exhibit 3 to Plaintiffs' Motion.

clearly identified in the Daily Cost Estimates produced by Plaintiffs to Trident.   The Daily Cost Estimates for each of the wells identifies in detail the Hunter-supplied materials for each of the Four Damaged Wells.[2]  (Ex. 1, CONFIDENTIAL Clay Daily Cost Estimate filed under seal; Ex. 2, CONFIDENTIAL Ethridge Daily Cost Estimate filed under seal; Ex. 3, CONFIDENTIAL Boyce Daily Cost Estimate filed under seal, p. 3; Ex. 4, CONFIDENTIAL Robison Daily Cost Estimate filed under seal, p.3).   These produced documents tell Trident the Hunter materials that were used in the Four Damaged Wells.   Trident's own Invoices and documents produced by Plaintiffs tell Trident that the Casing used in completing the eight wells was all supplied by Trident. Plaintiffs' produced documents could not be clearer that the Casing moved to and used in one of Four Damaged Wells was Trident's Casing and **not** from any inventory. (Ex. 5, Nov. 4, 2013 Email from John Podowski of Calyx, to Kevin Beckmann, President of Trident).  It is disingenuous for Trident to attempt to disclaim all such information and knowledge in support of the improper Hunter Subpoena.

Even more strained is Trident's assertion that the overly broad and improper Hunter Subpoena will result in documents reflecting the legal standard of care in this action.  Hunter Invoices do not show "the standard of care to which Plaintiffs have held their two other known steel pipe suppliers."  The Hunter Invoices – **just like the Trident Invoices** – represent the type, quality and grade of materials supplied by Hunter.  Unlike

---

[2] It is clearly denoted that the Hunter materials identified in Exhibits 1 through 4 were only used in the drilling phase in which there were no failures.  Trident's Casing was used in the completion phase, which is where all the failures occurred.

Trident, Hunter delivered the represented type, quality and grade of materials reflected in the Hunter Replacement Casing.

Trident does not – because it cannot – attempt to explain how Hunter Invoices, reflecting negotiated price, type, quality and grade of materials somehow establish the legal standard of care under the Trident Invoices in this case.  Despite the lack of merit in this argument, Trident already has the Hunter Invoices produced by Plaintiffs for the Hunter Replacement Casing – the materials used in lieu of Trident's defective materials.

The Hunter Subpoena should have been limited: (1) to Hunter materials provided to and used in the Four Damaged Wells; and (2) Hunter Replacement Casing provided to and used in the Holderread and Eubanks wells.  The Hunter Subpoena should also have been properly limited to the relevant time period when the materials were being sold and delivered by Trident and Hunter to Calyx for the 6 aforementioned wells – August 2013 through November 2013.   (Plaintiffs' Motion, p.2 (Trident delivery period - August through November 2013), and sealed Exhibit 3, Hunter Invoices (Hunter delivery period – October through November 2013)).

The Hunter Subpoena is facially overbroad and seeks information Trident admits is irrelevant to the litigation.  Plaintiffs respectfully request the Court enter an Order quashing the Hunter Subpoena.

## CONCLUSION

Trident has failed to sufficiently tailor the Hunter Subpoena to claims or defenses in this action, as required by the Federal Rules.  The Hunter Subpoena impermissibly seeks information Trident **admits** are both protected from discovery as well as entirely

irrelevant to the litigation.  Trident is blatantly attempting to obtain information that is patently outside the scope of discovery and in direct contravention of Rule 45 and Rule 26 of the Federal Rules of Civil Procedure.   Trident's own admissions support these conclusions.

Plaintiffs respectfully request that the Hunter Subpoena be quashed.  Plaintiffs further request that any documents ultimately produced by Hunter by means of a properly tailored subpoena be marked as Confidential pursuant to the March 25, 2015 Agreed Protective Order [Dkt # 123].  Fed. R. Civ. P. 26(c)(7).

Respectfully submitted,

*/s/* Robin F. Fields
Robin F. Fields, OBA #10806
Kiran A. Phansalkar, OBA #11470
Heidi M. Nichols, OBA #20294
CONNER & WINTERS, LLP
1700 One Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email: rfields@cwlaw.com
        kphansalkar@cwlaw.com
        hnichols@cwlaw.com

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on the 6th day of November 2015, I electronically filed a true and correct copy of the above and foregoing document and served the same upon all parties of record via the Court's ECF system.

                                           */s/* Robin F. Field

                                           Robin F. Fields