# ATTACHMENT

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) WELLS FARGO BANK, N.A. )
as Trustee for the Certificateholders of )
Commercial Mortgage Pass-Through )
Certificates, Series 2006-MF2 and )
2006-MF3, acting by and through )
Crown NorthCorp, Inc., as ) Case No. CIV-08-1125-C
Special Servicer, )
 )
               Plaintiff, )
 )
vs. )
 )
LaSALLE BANK NATIONAL )
ASSOCIATION, )
 )
               Defendant. )

## **ORDER**

Plaintiff Wells Fargo Bank ("Wells Fargo") brought suit, in its capacity as Trustee for certificateholders of commercial mortgage-backed securities, against Defendant LaSalle Bank National Association ("LaSalle")[1] seeking damages and specific performance, pursuant to the Mortgage Loan Purchase Agreement ("MLPA"), requiring Defendant LaSalle to repurchase three loans contained within the securities.[2] Presently, Plaintiff moves this Court

---

[1] In May 2008, LaSalle was acquired by Bank of America and subsequently assumed its name. For purposes of this Order, the Court will continue to refer to Defendant as LaSalle. (Pl.'s Am. Compl., Dkt. No. 41, at 5; Def.'s Br., Dkt. No. 267, at 7.)

[2] As the Court has previously outlined the facts of this litigation in its order addressing the parties' summary judgment arguments (Order, Dkt. No. 323), they need not be repeated here.

to strike the errata sheet of Timothy Dwyer and moves for an in-limine order preventing future attempts to remedy Mr. Dwyer's prior deposition testimony.

Rule 30(e) states:

> On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which . . . to review the transcript or recording; and . . . if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e). In the Tenth Circuit, the Rule 30 request is mandatory. Rios v. Bigler, 67 F.3d 1543, 1551 (10th Cir. 1995) ("Under the plain language of Rule 30(e) therefore, the deponent or party must request review of the deposition before its completion.").

Plaintiff and Defendant agree that no request was made at the deposition to change Mr. Dwyer's testimony; the dispute boils down to whether or not the parties had an agreement that a request was unnecessary and that each had 30 days to submit an errata sheet. Plaintiff asserts that no agreement was ever reached and that the Rule 30(e) request remains an absolute prerequisite to submitting an errata sheet under Rule 30(e). Defendant points to six examples of prior circumstances where errata sheets were submitted without a request as evidence of the parties' agreement. (Def.'s Br., Dkt. No. 298, at 4.) Plaintiff argues that these examples are too few to establish a prior agreement and differ from the present circumstance because in these instances off-the-record requests were made to submit errata sheets at the depositions' conclusion. (Pl.'s Br., Dkt. No. 300, at 3.)

Here, while Plaintiff's counsel staunchly claims otherwise, his agreement to extend the Defendant's errata sheet submission until "Friday," in an e-mail to Defendant's counsel,

2

supports Defendant's proclamation that they had some kind of understanding allowing submission of errata sheets without a formal on-the-record request. (Def.'s Br., Dkt. No. 298 Ex. B.) The specifics of this agreement are not delineated, and the only support Defendant has that it timely submitted its errata sheet is the transcription company's letter. (Id. Ex. A.) The e-mail between opposing counsel does not specify the deadline for submission other than to say "Friday is fine."[3] Because no date is given in the e-mail, the reader is left to infer that Plaintiff's counsel meant the ensuing Friday from the date of the e-mail, September 10, 2010, or the following Friday, September 17. Defendant submitted the errata sheet on September 15. Given the circumstances, the Court finds adequate proof of an agreement, see Fed. R. Civ. P. 29, and that the submission of the errata sheet was timely.

While the specific date may be unclear, the e-mail exchange is clear that both parties' counsel were aware of and agreed to Defendant submitting an errata sheet. Any further objections Plaintiff's counsel may have to Mr. Dwyer's errata sheet may be raised on cross examination and go towards the weight given that testimony by the trier of fact. Some level of understanding between opposing counsel was reached, as evidenced in the e-mail,

---

[3] The specific e-mail exchange between Gregory Markel, Defendant's counsel, and Paul Synder, Plaintiff's counsel, stated the following:

> Mr. Markel: Thanks for your courtesy in extending the time for submitting Dwyer's errata until Friday.
>
> Mr. Synder: No problem. Thought you said two days[,] but Friday is fine.

(Def.'s Br., Dkt. No. 298, Ex. 3.)

rendering Plaintiff's argument—that Mr. Dwyer's errata sheet must be stricken because Defendant did not strictly comply with Rule 30(e)'s request requirement—unpersuasive.

Accordingly, Plaintiff's Motion to Strike the Errata Sheet of Timothy Dwyer (Dkt. No. 278) is DENIED.

IT IS SO ORDERED this 4th day in January, 2011.

_____
ROBIN J. CAUTHRON
United States District Judge